IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 20, 2007 Session

**ROY BREWER**

v.

**ROCHELLE S. PIGGEE and heirs  and next of kin of SIDNEY L. PIGGEE,
deceased**

**An Appeal from the Chancery Court for Shelby County
No. CH-02-0697-3     D.J. Alissandratos, Chancellor**

**No. W2006-01788-COA-R3-CV  - Filed July 3, 2007**

This is a quiet title action.  The plaintiff's mother owned a parcel of real property.  In 1977, the mother executed a deed, conveying the property to one of her sons.  Two years later, the plaintiff and her four siblings filed a separate but related lawsuit to set aside the 1977 deed for fraud.  In 1985, by court order, the trial court divested the son of sole ownership and created a trust; the son was appointed as trustee for the use and benefit of the mother's grandchild and the grandchild's minor children, until the youngest minor child reached the age of majority.  In 1986, by court order, the trial court removed the son as trustee and substituted the grandchild in his place.  Despite these orders, in 1994, the son executed a deed purporting to convey the property to a third party.  In December 2001, the defendants obtained a deed to the property from a successor in interest to the son. Meanwhile, the youngest beneficiary of the trust reached the age of majority.  The plaintiff later obtained a warranty deed to the property from the youngest beneficiary and a quitclaim deed from the trustee grandchild and her other four children.  The plaintiff then filed this lawsuit and moved for judgment on the pleadings and/or summary judgment.  The defendant answered, raising the defense of adverse possession, and filed a motion to dismiss, raising a defense under T.C.A. § 28-2-110.  The trial court denied the defendant's motion to dismiss and granted the plaintiff's motion for judgment on the pleadings, finding that the 1985 and 1986 orders, as well as the deeds from the grandchild and her five children, established the plaintiff as the rightful owner.  The defendant appeals.  We affirm in part, reverse in part, and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed in
Part, Reversed in Part, and Remanded for Further Proceedings.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., joined; W. FRANK CRAWFORD, P.J., W.S., did not participate.

James H. Forsythe, Memphis, Tennessee, for appellants, Rochelle S. Piggee and heirs and next of kin of Sidney L. Piggee, deceased.

Lang Wiseman and Chris Patterson, Memphis, Tennessee, for appellee, Roy Brewer.

## OPINION

On October 29, 1948, Charlie Brewer and wife, Hallie Brewer ("Mrs. Brewer"), purchased a parcel of real property (the "subject property") as tenants by the entirety. The property is unimproved real estate located at 4386 Society Road in Arlington, Tennessee. Charlie Brewer died on January 24, 1953, leaving Mrs. Brewer as the sole owner of the subject property.

On October 17, 1977, Mrs. Brewer executed and recorded a warranty deed, conveying the subject property to her son, Joseph Brewer ("Joe Brewer"). Mrs. Brewer died several months later, on March 31, 1978. She left eight children, including son Joe Brewer.[1]

On November 26, 1979, five of Mrs. Brewer's children filed a separate but related lawsuit in the Chancery Court for Shelby County against their brother, Joe Brewer. The plaintiffs sought to set aside the October 17, 1977 warranty deed, alleging fraud by Joe Brewer. After a trial, on August 19, 1985, the trial court entered an order styled "[Order] Divesting Ownership Out of Joe Brewer as Sole Owner and Vesting Title in Joe Brewer in Said Parcel of Land as Trustee for Betty Moss and her minor children." In the order, the trial court directed that the October 17, 1977 warranty deed "is hereby reconsidered and redenominated . . . [and] is to be styled as follows: Hallie Brewer conveys the [subject property] to Joe Brewer as Trustee nevertheless for the use and benefit of Betty Moss and her minor children until the youngest child of Betty Moss, Terry Wendell Moss, one year, reaches the age of eighteen (18)." Betty Moss is the grandchild of Mrs. Brewer. At the time the order was entered, Betty Moss had minor children; the youngest was Terry Wendell Moss ("Terry Moss").

Later, Betty Moss petitioned the trial court to remove Joe Brewer as trustee of the subject property. Joe Brewer did not present a defense or otherwise appear in response to Betty Moss's petition. In a subsequent order, entered on May 22, 1986, the trial court held that "Joe Brewer should be removed as Trustee herein and that Betty Moss should be substituted as Trustee" of the subject property and "that she should serve as Trustee for her minor children, until the youngest child [Terry Moss] reaches the age of 18 years."

Undeterred by the trial court's 1985 and 1986 orders, several years later, on April 14, 1993, Joe Brewer executed a quitclaim deed purporting to convey the subject property to Eric and Rosie

---

[1] The other seven children are sons Roy Brewer, Robert Brewer, and Charlie Brewer, and daughters Epsie Mays, Emma Fowler, Lena Dean, and Ruby Martin.

Brewer.[2]  For reasons that do not appear in the record, Eric Brewer then executed a quitclaim deed back to Joe Brewer.  On August 16, 1994, Joe Brewer then made another purported conveyance of the subject property, executing a quitclaim deed in favor of James Baskerville; James Baskerville then quitclaimed his interest to Wardell Drain.  Finally, on December 13, 2001, Wardell Drain executed a quitclaim deed in favor of Defendants/Appellants Rochelle S. Piggee and her son, Sidney L. Piggee (collectively, "Piggees").  The deed purported to convey the subject property to the Piggees for the sum of $1,800.  These quitclaim deeds were recorded in the Office of the Shelby County Register.

Meanwhile, in 2000, the youngest trust beneficiary, Terry Moss, turned 18 years of age.[3]  At that point, the trust created by the 1985 and 1986 orders terminated.  On January 17, 2001, Terry Moss executed a warranty deed conveying his interest in the subject property to Plaintiff/Appellee Roy Brewer ("Roy Brewer").[4]  On March 30, 2002, Betty Moss and her four other children executed a quitclaim deed, conveying their interests in the subject property to Mr. Brewer.  Both of these deeds were recorded in the Office of the Shelby County Register.

Shortly thereafter, on April 11, 2002, Roy Brewer filed a lawsuit against the Piggees to quiet title to the subject property, and also to recover damages.  In his complaint, Roy Brewer asserted that the trial court's 1985 and 1986 orders divested Joe Brewer of title to the subject property and that, as a result, Joe Brewer had no legally enforceable interest in the property to convey in the 1993 and 1994 quitclaim deeds.  Because the Piggees' interest in the property derived from Joe Brewer, Roy Brewer maintained that the Piggees acquired defective title to the subject property.  Accordingly, Roy Brewer claimed rightful and legal ownership of the subject property under the warranty deed from Terry Moss and the subsequent quitclaim deed from Betty Moss and her other four children. Roy Brewer attached as exhibits to the complaint all pertinent deeds as well as the 1985 and 1986 orders.  He sought an order declaring his ownership of the subject property and reasonable attorney's fees as well.

Four months later, Defendant/Appellant Sidney L. Piggee died.  On December 27, 2002, Roy Brewer amended his complaint to name the heirs or next of kin of Sidney L. Piggee as defendants. When Roy Brewer later discovered that Sidney L. Piggee had two minor children, daughters Sidresha and Paige Piggee, he filed a second amended complaint to include them and their guardians.  No responsive pleadings were filed on behalf of the minor children or any other heirs, prompting Roy Brewer to file a motion for default judgment.  After a hearing on July 9, 2004, the trial court granted the motion and entered judgments against the known and unknown heirs of Sidney L. Piggee.

---

[2]Eric Brewer is Joe Brewer's son.

[3]The language of the 1985 order indicates that Terry Moss was one year of age in 1985.  The parties to this case, however, do not dispute that Terry Moss was born in 1982 and reached the age of majority in 2000.

[4]Roy Brewer was one of Mrs. Brewer's four sons, *supra* footnote 1.

At this point, Defendant/Appellant Rochelle S. Piggee ("Ms. Piggee") was the only remaining defendant in the lawsuit, and she had not yet filed a responsive pleading. At the July 9, 2004 hearing, Ms. Piggee appeared pro se and told the trial judge that she had mailed a letter to the court answering Mr. Brewer's initial complaint. Her letter had not been filed. The trial court allowed Ms. Piggee time to file a proper answer, and she did so on July 22, 2004. In her answer, Ms. Piggee stated that her son, Sidney L. Piggee, purchased the property from Wardell Drain because it was "directly in the back door" of her adjoining property. In addition, Ms. Piggee asserted that "the property in question belong[ed] to her by Adverse Possession and [that] she did consult an attorney on [that] matter."

Subsequently, on August 23, 2004, Roy Brewer filed motion for judgment on the pleadings and/or for summary judgment. Roy Brewer argued that, in her answer, Ms. Piggee had not denied any of the material facts alleged in the complaint, but rather acknowledged that her claim to the subject property derived from Joe Brewer, "who had previously been stripped of any interest in the property prior to his purported conveyance to Ms. Piggee's predecessor in interest." He further asserted that Ms. Piggee failed to allege the affirmative defense of adverse possession with sufficient specificity. Thus, based on the deeds and other instruments that Roy Brewer attached to his complaint, he asked the trial court to declare him the legal and rightful owner of the subject property.[5]

Ms. Piggee later obtained counsel and, on January 5, 2006, she filed a response to Mr. Brewer's motion. In her response, Ms. Piggee challenged Roy Brewer's interpretation of the 1985 and 1986 orders, asserting that Betty Moss had acquired a limited estate in the subject property by virtue of the trust and that, when Betty Moss' youngest child reached majority and the trust terminated, the property reverted back to Joe Brewer or his successors in interest. In the alternative, Ms. Piggee argued that Roy Brewer was barred from bringing the quiet title action because she and her predecessors in interest paid the property taxes, had "good and indefeasible title," and openly, notoriously, and exclusively possessed the subject property from 1977 to the present date.

Also on January 5, 2006, Ms. Piggee filed an answer to Roy Brewer's second amended complaint. In her answer, Ms. Piggee listed adverse possession "under color of title in excess of (7) years" as an affirmative defense. Ms. Piggee also alleged that she obtained legal title to the subject property under the December 13, 2001 quitclaim deed from Wardell Drain, and she denied all of Roy Brewer's allegations to the contrary.

Shortly thereafter, on January 13, 2006, Ms. Piggee filed a motion to dismiss for failure to state a claim. She argued that under Tennessee Code Annotated § 28-2-110, Roy Brewer was barred from bringing an action to recover the subject property because he and his predecessors in interest

---

[5]Roy Brewer died on April 28, 2005. He is survived by his wife, Annie Brewer. In the proceedings below, a suggestion of death and a motion for substitution of parties was filed, pursuant to Rule 25.01 of the Tennessee Rules of Civil Procedure. It does not appear from the record, however, that the trial court ruled on the motion. No issue has been raised in this appeal regarding the failure to substitute parties, and Roy Brewer remains the named plaintiff in the instant dispute. For ease of reference, therefore, we will continue to refer to Roy Brewer as the plaintiff throughout this Opinion.

failed to pay taxes on it for a period in excess of twenty years. Ms. Piggee also reasserted her theory of adverse possession. In his responsive pleading, Roy Brewer argued that section 28-2-110 was inapplicable because he filed his quiet title lawsuit within three years after Terry Moss, the youngest child of Betty Moss, reached majority. Roy Brewer also asserted that Ms. Piggee's legal theories based on payment of the property tax and adverse possession were unsupported by the evidence in the record.

On May 5, 2006, the trial court held a hearing on Roy Brewer's motion for judgment on the pleadings and/or for summary judgment as well as Ms. Piggee's motion to dismiss. An order was entered on May 12, 2006, granting Roy Brewer's motion for judgment and denying Ms. Piggee's motion to dismiss:

> It appearing that the prior Orders of this Court, as well as the deeds and other instruments attached to the Verified Second Amended Complaint, clearly establish that Plaintiff is the rightful owner of the subject real property . . .
> . . .
> It further appearing that the subject real property was conveyed by Chancery Court Order of August 19, 1985, Shelby County Chancery Court, . . . styled "Order Divesting Ownership Out of Joe Brewer as Sole Owner and Vesting Title in Joe Brewer in said Parcel of Land as Trustee for Betty Moss and Her Minor Children."
> It further appearing that the subject real property was reconveyed by Chancery Court Order of May 22, 1986, . . . styled "Order Removing Joe Brewer as Trustee," and appointing Betty Moss as Trustee for the use and benefit of her children until such time as they reached majority.
> It further appearing that the children of Betty Moss, after having attained majority and being vested with ownership of the subject real property by operation of law and Court Order, thereafter conveyed their interest by Quitclaim to Roy Brewer.
> * * *
> It further appearing that the Defendants have no legally enforceable interest in the subject real property because their alleged title to the property derives from Joe Brewer, who as a result of the Orders of this [Court] divesting him of ownership of the subject real property, likewise had no legally enforceable interest in, title to, or control over the subject property, either individually or as Trustee, at the time he purported to convey it to the Defendants' predecessors in interest.
> It further appearing the Defendants' Motion to Dismiss is not well taken for the reasons stated in the Plaintiff's Response filed in opposition to the Motion;
> Accordingly, the Plaintiff is therefore entitled to judgment as a matter of law, and to be declared to be the sole, rightful owner of the subject real property.
> **IT IS, THEREFORE, ORDERED ADJUDGED AND DECREED** that the Plaintiff's Motion for Judgment is hereby granted, and that this Court hereby declares the Plaintiff to be the sole, rightful owner of the subject real property . . . .

(bold in original). Thus, the trial court held that, under its 1985 and 1986 orders, Joe Brewer was divested of any ownership interest in the subject property and had nothing to convey at the time that he executed the quitclaim deeds to Ms. Piggee's predecessors in interest. It also denied Ms. Piggee's motion to dismiss for the reasons asserted by Roy Brewer in his response to the motion. Ms. Piggee filed a motion to reconsider the judgment on June 2, 2006, pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. The trial court denied her motion. Ms. Piggee then filed a timely notice of appeal to this Court.[6]

The issues presented in this appeal, as we perceive them, are: 1) whether the trial court considered matters outside the pleadings in deciding Roy Brewer's motion and therefore erred in failing to treat the motion as a summary judgment motion pursuant to Rule 56 of the Tennessee Rules of Civil Procedure; 2) whether the trial court erred in finding that the 1985 and 1986 orders divested Joe Brewer of any and all ownership interest in the subject property; 3) in light of her defense of adverse possession, whether the trial court erred in granting judgment on the pleadings against Ms. Piggee based on the deeds and other instruments attached to Roy Brewer's complaint; and 4) in light of her defense based on the failure to pay property taxes, whether the trial court erred in denying Ms. Piggee's motion to dismiss.

The threshold issue before us is whether the trial court considered "matters outside the pleadings" in deciding Roy Brewer's motion. Rule 12.03 of the Tennessee Rules of Civil Procedure states:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tenn. R. Civ. P. 12.03 (2005). Ms. Piggee argues that the trial court treated Roy Brewer's motion for a judgment on the pleadings as a motion for summary judgment, because it considered and relied upon extrinsic matters, namely, the 1985 and 1986 orders and the pertinent deeds of conveyance. Thus, Ms. Piggee contends, Roy Brewer should have been required to comply with the procedural mandates for a Rule 56 summary judgment motion, i.e., he should have been required to submit a statement of material facts, and Ms. Piggee should have been afforded the opportunity to obtain and

---

[6] Upon initially reviewing the record, we determined that the trial court's May 12, 2006 order did not constitute a final and appealable judgment under Rule 3 of the Tennessee Rules of Appellate Procedure because it did not adjudicate the claims in Roy Brewer's complaint regarding damages and attorney's fees. As a result, this Court entered an Order on December 20, 2006, directing the Appellant to show cause why this appeal should not be dismissed for lack of a final judgment. On January 10, 2007, Ms. Piggee filed a response and attached an attested copy of an order entered in the lower court on January 8, 2007. The order finalized the judgment of the trial court in accordance with Rule 54.02 of the Tennessee Rules of Civil Procedure.

submit depositions, affidavits, and other evidence, in opposition to his motion.[7] She also contends that the evidence in the record establishes genuine issues of material fact, making judgment under Rule 56 inappropriate.

As Ms. Piggee notes in her appellate brief, the trial court did not specify whether it considered Roy Brewer's motion as one for summary judgment under Rule 56, or for judgment on the pleadings under Rule 12.03. The order states only that the trial court considered the "prior Orders . . . , as well as the deeds and other instruments attached to the Verified Second Amended Complaint" in making its decision. Therefore, the question becomes whether these written instruments, attached to Roy Brewer's complaint, were "matters outside the pleadings" as noted in Rule 12.03, and thus whether Roy Brewer's motion should have been treated as one for summary judgment.

The phrase "matters outside the pleadings" has been described in the caselaw as additional evidentiary materials or, stated differently, extraneous evidence. *See **D.T. McCall & Sons v. Seagraves**, 796 S.W.2d 457, 459-60 (Tenn. Ct. App. 1990) (citing **Hixson v. Stickley**, 493 S.W.2d 471, 473 (Tenn. 1973)). In the instant case, Roy Brewer's claim of title depends on the legal effect of the trial court's 1985 and 1986 orders, and the subsequent deeds from Betty Moss and her children. In addition, Roy Brewer challenges the validity of the succession of quitclaim deeds that derive from Joe Brewer. These written instruments were the basis for Roy Brewer's quiet title action, and they are attached and specifically referred to in his complaint and in Ms. Piggee's answer. Rule 10.03 of the Tennessee Rules of Civil Procedures states:

> Whenever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument or the pertinent parts thereof shall be attached to the pleading as an exhibit unless the instrument is (1) a matter of public record in the county in which the action is commenced and its location in the record is set forth in the pleading; (2) in the possession of the adverse party and this fact is stated in the pleading; (3) inaccessible to the pleader or is of such nature that attaching the instrument would be unnecessary or impracticable and this fact is stated in the pleading, together with the reason therefor. *Every exhibit so attached or referred to under (1) and (2) shall be a part of the pleading for all purposes*.

Tenn. R. Civ. P. 10.03 (2005) (emphasis added). Thus, because the pertinent court orders and deeds were attached and referred to in the complaint and the answer, under Rule 10.03, they are not "matters outside the pleadings," and the trial court's consideration of them did not mean that Roy Brewer's motion should have been treated as one for summary judgment, with the concomitant procedural safeguards. *See **Cherokee Country Club, Inc. v. City of Knoxville**, 152 S.W.3d 466, 478 (Tenn. 2004). Therefore, we review the trial court's order as the grant of a motion for judgment on the pleadings.

---

[7]Ms. Piggee maintains that there was no discovery in this case due, at least in part, to delays caused by the deaths of two named parties.

In considering a trial court's decision to grant a Rule 12.03 motion for judgment on the pleadings, we are obliged to accept as true all well-pleaded facts and to draw all reasonable inferences therefrom alleged by the party opposing the motion. *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). Conclusions of law, however, "are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment." *Id.* Thus, the trial court's legal conclusions are reviewed *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). A motion for judgment on the pleadings tests only the validity of the legal theories pled by the party opposing the motion, and not the strength of the proof. *See Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1997). As such, a motion for judgment on the pleadings made by the plaintiff challenges the legal sufficiency of the defenses pled by the defendant. Robert Banks, Jr. and June F. Entman, *Tennessee Civil Procedure* § 5-6(l) (1999).

Turning to the pleadings in the case at bar, we first note that Ms. Piggee, in her answer to the second amended complaint, denied that Joe Brewer was divested of any and all interest in the subject property under the 1985 and 1986 orders. In doing so, she alleged title to the subject property under the December 13, 2001 quitclaim deed from Wardell Drain, a successor in interest to Joe Brewer. Thus, interpretation of the trial court's 1985 and 1986 orders is pivotal to resolution of this issue on appeal.

In *Blue Cross-Blue Shield of Tenn. v. Eddins*, 516 S.W.2d 76 (Tenn. 1974), the Tennessee Supreme Court described the proper approach to the interpretation of a judgment:

> Judgments are to be construed like other written instruments, the determinative factor being the intention of the court as gathered from all parts of the judgment. Such construction should be given to a judgment as will give force and effect to every word of it, if possible, and make its several parts consistent, effective and reasonable.

*Id.* at 78 (citations omitted) (quoting *Branch v. Branch*, 249 S.W.2d 581, 582-83 (Tenn. Ct. App. 1952)). As with other written instruments, the interpretation of a judgment is a question of law. *Crull v. Crull*, No. E2005-01430-COA-R3-CV, 2006 WL 770461, at *3 (Tenn. Ct. App. Mar. 27, 2006).

From our independent review of the 1985 and 1986 orders, it is clear that the trial court's interpretation is correct. Ms. Piggee's claim of title to the subject property assumes that Joe Brewer retained a reversionary or remainder interest in the subject property under the 1985 and 1986 orders. Nothing in the language of the orders suggests such a construction. Rather, the orders clearly and unambiguously divest Joe Brewer of any and all legally enforceable interest in the property. As a

result, Ms. Piggee's defense of her title under this theory must fail as a matter of law, and the trial court's decision on this issue is affirmed.[8]

Having determined that Ms. Piggee cannot claim legal title through Joe Brewer, we now turn to Ms. Piggee's defense based on her alleged adverse possession for seven years pursuant to T.C.A. § 28-2-102.[9] Ms. Piggee alleges in her answer that she and her predecessors in interest were in "adverse possession of the property under color of title in excess of seven (7) years." She asserts that she and her predecessors in interest "have had exclusive use and benefit of the subject property since October 17, 1977 when Hallie Brewer sold the subject property to [Joe] Brewer." Thus, we must determine whether Ms. Piggee's defense of adverse possession would, if proven, bar the instant action. *Cf. Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (noting that a motion for judgment on the pleadings is appropriate only when it appears that the non-moving party can prove no set of facts in support of a claim that would entitle him or her to relief).

In response, Roy Brewer argues that Tennessee Code Annotated § 28-1-106 tolled the requisite seven-year statute of limitations until Terry Moss, the youngest child of Betty Moss, reached the age of eighteen. Section 28-1-106 provides that:

> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

T.C.A. § 28-1-106 (2000). Under this statute, Roy Brewer maintains, the defense of adverse possession fails as a matter of law because he filed his quiet title lawsuit within three years after Terry Moss reached majority and his disability was removed. We respectfully disagree.

---

[8] In her appellate brief, Ms. Piggee attempts to collaterally attack the 1985 and 1986 orders. She argues that the plaintiffs in the 1979 case failed to join indispensable parties—namely, their remaining two siblings, Lena Dean and Epsie Mays—and that, as a result, the priors orders are not binding under the doctrine of *res judicata*. To the contrary, the 1985 and 1986 orders are binding as between the parties to that case and their successors in interests. *See Uhlhorn v. Keltner*, 637 S.W.2d 844, 848 (Tenn. 1982). It is undisputed that Joe Brewer, through whom Ms. Piggee claims title, was a party to the 1979 case. Accordingly, we find no merit in this argument.

[9] This statute provides that:

> Any person, and those claiming under such person neglecting for the term of seven (7) years to avail themselves of the benefit of any title, legal or equitable, by action at law or in equity, effectually prosecuted against the person in possession, under recorded assurance of title, as in § 28-2-101, are forever barred.

T.C.A. § 28-2-102 (2000).

As indicated above, the 1985 order established a trust in the subject property. In 1986, Terry Moss's mother, Betty Moss, became the trustee of the property for her then minor children. It is well-settled that,

> title by adverse possession may be acquired to property held in trust, and . . . if a trustee delays the assertion of rights until the statute effects a bar against the trustee, the beneficiary will also be barred. One of the duties of a trustee is to hold the legal title, and it is the trustee's duty, if there is any interference by anyone with trust lands, to prevent such interference ripening into any rights prejudicial to the beneficiary. If the trustee fails so to protect the trust estate, and allows intruders adverse possession for the statutory period, both the trustee and the beneficiary will be barred from asserting any interest in the property.

3 Am. Jur. 2d *Adverse Possession* § 167 (footnotes omitted). This rule is equally applicable where the beneficiaries of the trust are under a disability such as infancy. ***See e.g., Wooldridge v. Planter's Bank***, 33 Tenn. 297 (1853) (finding that "if a trustee, having legal title, is barred by operation of the statute of limitations the [beneficiary] is also barred, though an infant"); ***see also Goss v. Singleton***, 39 Tenn. 67 (1858) (same); ***Williams v. Otley***, 27 Tenn. 563 (1847) (same). Thus, if title to the property is in the name of an adult trustee, the owner of the property is not considered to be laboring under a disability and the prescriptive period for purposes of adverse possession is not tolled.

In her answer to the second amended complaint, Ms. Piggee alleges that she and her predecessors in interest have possessed the subject property adversely and exclusively for a period in excess of seven years. Further, it is undisputed that Ms. Piggee has color of title through the succession of quitclaim deeds deriving from Joe Brewer, all of which were recorded in the Office of the Shelby County Register. Ms. Piggee, therefore, states a legally sufficient defense of adverse possession as against Roy Brewer and his predecessors in interest. Thus, under these circumstances, we must conclude that the trial court erred in granting Roy Brewer's Rule 12.03 motion for judgment on the pleadings.

As to the final issue raised on appeal, Ms. Piggee argues that the trial court erred in failing to grant her motion to dismiss. A Rule 12.02(6) motion to dismiss for failure to state a claim tests the sufficiency of the complaint and, for purposes of the motion, all factual allegations in the complaint are accepted as true. ***Cook v. Spinnaker's of Rivergate, Inc.***, 878 S.W.2d 934, 938 (Tenn. 1994). "The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law." ***Id.***; ***Stein v. Davidson Hotel***, 945 S.W.2d 714, 716 (Tenn. 1997). In considering a trial court's decision on a motion to dismiss, therefore, we accept the factual allegations in the complaint as true and review the trial court's legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); ***Stein***, 945 S.W.2d at 716.

Ms. Piggee's motion to dismiss is based on Tennessee Code Annotated § 28-2-110, which states:

Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

T.C.A. § 28-2-110(a) (2000). Thus, under section 28-2-110, one claiming an interest in real property subject to state and county taxes who fails to pay such taxes for a period of twenty years may be barred from bringing an action regarding the subject property.[10]

Roy Brewer argues that this defense fails as a matter of law because the twenty-year period set forth in section 28-2-110 was tolled until Betty Moss's youngest child, Terry Moss, reached the age of majority.[11] However, as noted above in our analysis of Ms. Piggee's defense of adverse possession, legal title to the property during the pertinent time period was held by trustee Betty Moss. We must conclude that the minority of Terry Moss or his siblings would not toll the applicable period.

Nevertheless, this affirmative defense was raised for the first time in Ms. Piggee's Rule 12.02(6) motion to dismiss, not in her answer, and the record contains nothing to support her bare assertion that Roy Brewer and his predecessors in interest failed to pay taxes on the subject property for a period in excess of twenty years. "A party attempting to rely on [this] statute as a bar must clearly show that the other party failed to pay the taxes." *Bone v. Loggins*, 652 S.W.2d 758, 761 (Tenn. Ct. App. 1982). Under the procedural posture of this case, the issue is unsuited to a resolution based on the bare pleadings. Thus, under these circumstances, we find no error in the trial court's denial of Ms. Piggee's motion to dismiss for failure to state a claim.

In sum, we affirm the trial court's interpretation of the 1985 and 1986 orders, reverse the trial court's decision to grant judgment on the pleadings in favor of Roy Brewer, and affirm the trial court's decision to deny Ms. Piggee's motion to dismiss for failure to state a claim. The case must be remanded for further proceedings.

---

[10]Ms. Piggee argues in this appeal that she is also entitled to a presumption of ownership based on Tennessee Code Annotated § 28-2-109, asserting that she and her predecessors have paid the taxes on the subject property for more than twenty years. This claim is vaguely alluded to in Ms. Piggee's motion to dismiss and in her response to Roy Brewer's motion for judgment on the pleadings. However, in light of this Court's holding, we do not find it necessary to address the issue.

[11]Subsection (b) of the statute tolls the twenty-year period for persons under eighteen years of age, or persons claiming through them. T.C.A. § 28-2-110(b) (2000).

The decision of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion. Costs of this appeal are to be taxed one-half to Plaintiff/Appellee Roy Brewer, and one-half to Defendant/Appellant Rochelle S. Piggee, and her surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE