IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 12, 2020 Session

## REGIONS BANK v. NATHAN I. PRAGER

**Appeal from the Circuit Court for Shelby County**
**No. CT-003321-17  James F. Russell, Judge**

_____

## No. W2019-00782-COA-R3-CV
_____

J. Steven Stafford, dissenting.

I again find myself in disagreement from my learned colleagues as to the application of res judicata.[1] Because I cannot conclude that Defendant met its burden to show all the elements of the defense, I respectfully dissent from the majority opinion.

As an initial matter, I begin with the standard of review applicable in this case. Here, Defendant filed a motion to dismiss Plaintiff's complaint on the basis of res judicata. Defendant, of course, has the burden of proving all of the elements of this defense. As the majority correctly notes, to meet this burden, Defendant must show

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

***Napolitano v. Bd. of Prof'l Responsibility***, 535 S.W.3d 481, 496 (Tenn. 2017) (quoting ***Long v. Bd. of Prof'l Responsibility of Supreme Court***, 435 S.W.3d 174, 183 (Tenn. 2014)). Likewise, the burden was on Defendant to prevail on its motion to dismiss. And this burden is a high one: "[T]he facts pleaded and the allegations made must be viewed in the light most favorable to the plaintiff, with every doubt resolved in his behalf." ***Ladd v. Roane Hosiery, Inc.***, 556 S.W.2d 758, 759 (Tenn. 1977). Consequently, we take "all allegations of fact [in the complaint] as true[.]" ***Stein v. Davidson Hotel Co.***, 945 S.W.2d

---

[1] I previously filed a dissent to the application of res judicata in ***Elvis Presley Enterprises, Inc. v. City of Memphis***, No. W2019-00299-COA-R3-CV, 2019 WL 7205894 (Tenn. Ct. App. Dec. 26, 2019). Judges Armstrong and McGee, along with myself, made up the panel in that case as well.

714, 716 (Tenn. 1997). Only "if it 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[]'" should the claim be dismissed. *Ladd*, 556 S.W.2d at 759–60 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 1102, 2 L.Ed.2d 80 (1957)). Thus, Defendant had the burden to show beyond doubt that the elements of res judicata were met in this case.

Defendant's burden therefore required that he establish a final judgment on the merits for res judicata to apply.[2] Finality includes "both substantive and technical requirements." *Jackson v. Smith*, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *9 (Tenn. Ct. App. Sept. 9, 2011), *aff'd,* 387 S.W.3d 486 (Tenn. 2012). Thus, the order must both: (1) adjudicate the whole merits of the case leaving nothing for the court to decide; and (2) comply with the technical requirements of Rule 58 of the Tennessee Rules of Civil Procedure. Rule 58 requires that orders contain, *inter alia*, the judge's signature and either the signatures of counsel or a certificate of service to counsel to be "effective." Tenn. R. Civ. P. 58. A judgment is not final unless and until the requirements of Rule 58 are met. *See Riggs v. Wright*, 510 S.W.3d 421, 425 (Tenn. Ct. App. 2016) (noting that a Tennessee Supreme Court order determined that a notice of appeal was timely when it was filed within thirty days of the date that Rule 58 was complied with, although the notice of appeal was filed more than thirty days from the entry of the subject order). The first case resulted in two separate orders that are relevant to this appeal: (1) the initial order of dismissal ("initial order of dismissal" or "the first order") and (2) the order denying Plaintiff's motion to reconsider ("order on the motion to reconsider" or "the subsequent order").[3]

Here, Defendant contends that the first order was both final and on the merits so as to support his res judicata defense. Defendant's effort to show that both the substantive and technical requirements of finality are met as to the first order is, unfortunately, lacking. Importantly, the initial order of dismissal, the very order that Defendant urges this Court to apply preclusively, is notably absent from the record. Defendant, in filing its motion to dismiss, failed to include this important document for our review. Still, this absence is not fatal, so long as "the plaintiff's own allegations in the complaint [or response to a motion to dismiss] show that an affirmative defense exists and that this defense legally defeats the claim for relief." *Jackson v. Smith*, 387 S.W.3d 486, 492 (Tenn. 2012) (quoting *Ragsdale v. Hill,* 37 Tenn. App. 671, 681, 269 S.W.2d 911, 916 (Tenn. Ct. App. 1954)) (noting that while plaintiff's complaint did not establish res

---

[2] I agree with the majority that the other elements have been established in this case.

[3] According to Plaintiff, it appears that the trial court did enter one additional order denying Plaintiff's motion to set aside the order of dismissal in between the filing of the first order and the subsequent order. This order is not included in the record and Defendant does not appear to rely on this order to form its res judicata defense; indeed, Defendant's briefs seems to suggest that only one post-judgment motion was filed in the first suit and only one order was entered disposing of it. Nevertheless, nothing in the record indicates that this purported order was final under Rule 58 of the Tennessee Rules of Civil Procedure, as discussed in detail, *infra*. It is therefore not relevant to my analysis.

judicata, plaintiff made concessions in her response to defendant's motion to dismiss that established the existence of the prior order).

As the majority correctly notes, Plaintiff admitted in its response to Defendant's motion to dismiss that a prior order was entered dismissing its initial suit that did not indicate whether the order was dismissed with or without prejudice. Thus, it appears that Plaintiff's own allegations are sufficient to establish that the substantive component of finality was met with regard to the initial order of dismissal. *See Jackson*, 2011 WL 3963589, at \*9. Plaintiff's response, however, notes that neither party was given notice of the order or was served with a copy of it.[4] Because Rule 58 specifically concerns notice to parties of final orders, this allegation calls into question whether the technical component of finality was met. *Id.* Without a copy of the order in question or some other evidence to this effect, I have doubt that the initial order of dismissal constituted a final judgment under Rule 58. *See Ladd*, 556 S.W.2d at 759 (noting that the defendant must prove that plaintiff cannot prevail "beyond doubt" in order to obtain summary judgment).

Although the initial order of dismissal has not been shown without doubt to be final at the time it was entered, I cannot disagree that the first case eventually became final. Here, the record does contain a subsequent order entered in the first case—the order on the motion to reconsider. This order confirms that the case was dismissed *in toto* and contains all of the requirements to be final under Rule 58. Based on the record presented, the initial case therefore did eventually become final upon entry of the order on the motion to reconsider.

A single question therefore remains: was the judgment in the first case a judgment on the merits? The majority apparently chooses to resolve this issue only by reference to the first order of dismissal. It is not disputed that the initial order of dismissal of the first case did not include any indication of whether the dismissal was with or without prejudice. This order, considered alone, would therefore be considered an adjudication on the merits barring a second suit. As Rule 41.02 of the Tennessee Rules of Civil Procedure provides,

> (1) For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.
>
> \* \* \*
>
> (3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication

---

[4] Defendant does not appear to dispute this allegation.

upon the merits.

Tenn. R. Civ. P. 41.02.

Based on the record before us, however, I am unable to conclude that the initial order of dismissal was the trial court's final say on the matter. As noted above, Defendant has not established that this order was final for purposes of Rule 58. And an interlocutory order may be altered at any time by the trial court. *See Wall v. Wall*, No. W2010-01069-COA-R3-CV, 2011 WL 2732269, at \*22 (Tenn. Ct. App. July 14, 2011). The trial court's subsequent order apparently substantively altered the order of dismissal in the first case. Rather than mere silence on this issue, the order on the motion to reconsider contains the following language: "Unless it is designated 'with prejudice', it is neither with or without prejudice and **that doesn't bar a refiling of the suit**."[5] (Emphasis added). The order on the motion for reconsideration therefore accomplished three things: (1) it confirmed and made final under Rule 58 the order of dismissal of the first case; (2) it contained an incorrect statement of law as to the requirements of the Tennessee Rules of Civil Procedure; and (3) it expressly stated that the dismissal "doesn't bar a refiling of the suit." Because the order on the motion to reconsider substantively altered the previous non-final dismissal of Plaintiff's case, it must be considered as part and parcel of the final judgment sought to have preclusive effect in this case.[6] *See Dayhoff v. Cathey*, No. W2016-00377-COA-R3-JV, 2016 WL 4487813, at \*3 n.1 (Tenn. Ct. App. Aug. 25, 2016) (noting that the trial court had jurisdiction to enter a modified order despite the filing of a notice of appeal because the appealed order was not technically final under Rule 58); *Harris v. Hensley*, No. M1999-00654-COA-R3-CV, 2000 WL 630924, at \*2 (Tenn. Ct. App. May 17, 2000) (noting that the trial court retains jurisdiction over a case until a Rule 58 compliant order that adjudicates all of the claims of all of the parties is entered); *cf. Ball v. McDowell*, 288 S.W.3d 833, 838 (Tenn. 2009) ("We conclude that when consecutive 'final' judgments are entered, a subsequent entry of judgment operates

---

[5] Like the majority, I find no merit in the trial court's oral ruling in the second suit that this statement was not a part of its ruling. This language is taken directly from the trial court's written order on Plaintiff's motion to reconsider in the first suit. The entire ruling is merely four sentences long; this sentence therefore makes up 25% of the trial court's written ruling. The parties are entitled to rely on statements made in trial court's orders and should not be required to parse rulings to determine which of the statements constitute binding rulings and which cannot be relied upon. If trial courts do not intend all oral statements to be included in later written orders, it is their responsibility to draft accurate orders or ensure that party-prepared orders reflect the trial court's independent judgment. *See generally Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. 2014).

[6] Moreover, even assuming, arguendo, that the intervening order denying the motion to set aside, discussed *supra* in footnote 3, was proper under Rule 58 and thereby made the first case final upon its entry, Plaintiff's motion to reconsider was filed within thirty days of the entry of this order, and therefore extended the trial court's jurisdiction to modify its decision. *See* Tenn. R. Civ. P. 59.04; *see also Newport Hous. Auth., Inc. v. Hartsell*, 533 S.W.2d 317, 320 (Tenn. Ct. App. 1975) (holding that once a timely Rule 59.04 motion is filed, "any order or judgment [] is subject to the control of the trial judge and may be modified or set aside by him at any time before becoming final"). The existence of the intervening order therefore does not alter my analysis based on the record presented.

- 4 -

as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment.").[7]

With the order on the motion to reconsider firmly in place as the operative order for purposes of the res judicata analysis, I must conclude that Defendant has failed to show that the final order from the initial suit was an adjudication on the merits that precludes a second suit. As previously discussed, Rule 41.02 merely requires that the trial court specify that the judgment is not an adjudication on the merits, i.e., that the dismissal is without prejudice. Rule 41.02 does not include any specific "magic language" required to accomplish this goal. *But cf.* **Chook v. Jones**, No. W2008-02276-COA-R3-CV, 2010 WL 960319, at *3 (Tenn. Ct. App. Mar. 17, 2010) (holding "to be a final and appealable order under Rule 54.02, the order must contain Rule 54.02's 'magic language'").

I agree that the order on the motion to reconsider is not a model of clarity and contains an incorrect statement of law. I must conclude, however, that the clear intent of the language used in the order is to allow a second suit in this case. This Court interprets court orders like any other written instrument using the familiar rules of contract construction. **State v. Phillips**, 138 S.W.3d 224, 229 (Tenn. Ct. App. 2003). Thus, the primary goal is "[a]scertaining the trial court's intention[.]" *Id.* "[T]his intention should be gathered from all parts of the judgment." *Id.* (citing **Livingston v. Livingston**, 58 Tenn.App. 271, 281, 429 S.W.2d 452, 456 (Tenn. Ct. App. 1967)). The "judgment should be construed . . . in such a way that 'will give force and effect to every word of it, if possible, and make its several parts consistent, effective and reasonable.'" *Id.* (quoting **Branch v. Branch**, 35 Tenn.App. 552, 556, 249 S.W.2d 581, 583 (Tenn. Ct. App. 1952)). When a document is unambiguous, "subjective intent [] is not relevant." ***In re Estate of Diviney***, No. M2017-00739-COA-R3-CV, 2017 WL 5712904, at *5 (Tenn. Ct. App. Nov. 28, 2017) (citing **Malone & Hyde Food Servs. v. Parson**, 642 S.W.2d 157, 159 (Tenn. Ct. App. 1982)).

Here, the plain language of the trial court's order on the motion for reconsideration evinces an intent that the dismissal "doesn't bar a refiling of the suit[.]" Although the trial court's statement of law as to how to accomplish this goal is incorrect, there is simply no reasonable interpretation of the trial court's order other than indicating an intent that a second suit be allowed. In other words, of the three things accomplished by the order on the motion to reconsider detailed *supra*, omitting the trial court's incorrect statement of law does not alter the trial court's express direction that the case could be "refiled." Because Rule 41.02 requires nothing more than that the trial court specify its intent that an order of dismissal not operate as an adjudication on the merits, I conclude that the trial court's order on the motion for reconsideration, which is a necessary part of the final order of dismissal in the first case, meets both the letter and the spirit of Rule 41.02(3)'s

---

[7] **Ball** is not entirely on point, as it involved two consecutively entered orders that met both the substantive and technical requirements for finality. **Ball**, 288 S.W.3d at 835 (noting that both the first and second judgments complied with Rule 58).

requirements. *See* Tenn. R. Civ. P. 41.02(3).

This case has, simply put, been plagued by shortcomings. Plaintiff failed to promptly prosecute its case, resulting in dismissal. The order of dismissal, however, was apparently not served on any of the parties. When Plaintiff returned to the trial court seeking relief, the trial court stated that the case could be refiled but relied on a clearly erroneous interpretation of the Tennessee Rules of Civil Procedure. Plaintiff failed to do its own research to reveal the trial court's mistake or to appeal the incorrect reasoning employed by the trial court. But neither did Defendant attempt to correct the trial court's mistake in any way, perhaps choosing instead to lie in wait for the opportunity to assert that the initial suit precluded a second suit, contrary to the subsequent order's plain language.

Taking the trial court's written order at face value, Plaintiff refiled its case, only to be thwarted by a motion to dismiss on res judicata grounds. Defendant, however, failed to support his motion with a single document, including the very order that it argued precluded a second suit. And the trial court granted the motion to dismiss, eventually ruling that its written ruling that the case could be refiled should not have been relied upon by Plaintiff. Thus, the issues in this case are not the result of the failing of a single party, but result from multiple failings by all involved.

Despite the multitude of failings in this case, only Plaintiff suffers any harm. The trial court is excused from its clearly erroneous interpretation of the law by reinterpreting the statement as merely "a side bar comment" rather than an integral part of its written ruling, as well as by the majority's decision to focus nearly exclusively on the initial order of dismissal. Defendant is excused from both his own failures and from defending against the merits of Plaintiff's action by asserting that the trial court's order on the motion to reconsider in the initial suit is either irrelevant or does not mean what it says. Plaintiff, however, suffers significant harm, as it was deprived of having its case decided on the merits even after taking the action that was expressly directed by the trial court's final order in the first action. And the majority, in its restricted and, in my view, erroneous, interpretation of the initial proceedings, fails to correct this error.

Two important policies are implicated in this case. First, Tennessee law generally does not support elevating form over substance. *See e.g., **Morgan Keegan & Co. v. Smythe**,* 401 S.W.3d 595, 607 (Tenn. 2013) (declining to "elevate form over substance" when it deprives a party of appellate review); ***Boelter v. Reagan***, No. M2010-01354-COA-R3-CV, 2011 WL 1886573, at *3 (Tenn. Ct. App. May 18, 2011) (reviewing the essence of the trial court's order because "we refuse to elevate form over substance"); *cf.* ***Estate of Doyle v. Hunt***, 60 S.W.3d 838, 842 (Tenn. Ct. App. 2001) ("A [] court is not bound by the title of a pleading, but rather the court is to give effect to the pleading's substance and treat it according to the relief sought therein."). This means that we will consider the essence of a pleading or order even when the language used is imprecise. While the trial court may not have used our preferred language to indicate that its

dismissal was without prejudice or did not constitute an adjudication on the merits, the substance of the trial court's order is not in doubt: the language of the order clearly states that Plaintiff may refile its suit.

Moreover, although the caption of the subsequent order states that the trial court was denying Plaintiff's motion to reconsider, the contents of the order indicate that the trial court actually substantively altered its initial order of dismissal. Where previously the trial court was silent as to refiling, the order on the motion to reconsider expressly stated that refiling was permitted. We must give effect to the entirety of the trial court's order, rather than relying only on its caption. *Cf. Adkins v. Bluegrass Estates, Inc.*, 360 S.W.3d 404, 411 (Tenn. Ct. App. 2011) (quoting *Shuttleworth, Williams, Harper, Waring & Derrick, PLLC v. Smith*, No. W2007-02295-COA-R3-CV, 2010 WL 744375, at *2–3 (Tenn. Ct. App. March 5, 2010) ("The interpretation of an agreement is not dependent on any single provision, but upon the entire body of the contract and the legal effect of it as a whole.")); *see also Phillips*, 138 S.W.3d at 229 (holding that we interpret court orders in the same manner as contracts). To hold otherwise is certainly to elevate form over substance.

Second, it is the policy of the courts of this State to favor adjudication on the merits. *Norton v. Everhart*, 895 S.W.2d 317, 322 (Tenn. 1995) (noting "the clear policy of this state favoring the adjudication of disputes on their merits"). To achieve this goal, we do not dismiss cases at the motion to dismiss stage unless the defendant's entitlement to dismiss is "beyond doubt[.]" *Ladd*, 556 S.W.2d at 759. Given this preference for deciding cases on the merits, I must conclude that Defendant has not established his entitlement to dismissal at this early stage of proceedings. Viewing the pleadings in the light most favorable to Plaintiff, Defendant has not met his burden to show that the final judgment in the initial suit was an adjudication on the merits under Rule 41.02(3). I therefore must once again respectfully dissent from this panel's application of res judicata to dismiss an action rather than allow it to finally proceed to adjudication on the merits.

_____
J. STEVEN STAFFORD, JUDGE