**JOHN BARB, INC., d/b/a Barb Machinery Company and John L. Barb, d/b/a Barb Machinery Company, Plaintiffs-Appellees,**

v.

**UNDERWRITERS AT LLOYDS OF LONDON, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

April 5, 1983.

Permission to Appeal Denied by Supreme Court June 27, 1983.

Darryl G. Lowe, Knoxville, for defendant-appellant.

David S. Haynes, Bristol, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

Defendant-appellant failed to give timely notice of appeal pursuant to T.R.A.P., Rule 4, and sought relief from the judgment under T.R.C.P., Rule 60.02. This appeal is from the trial judge's refusal to grant relief under Rule 60.

Appellant contends the trial judge failed to recognize as a matter of law his power under Rule 60.02 to grant relief from the judgment or, in the alternative, the trial judge erred in denying relief.

Arguments of both parties focus on the meaning of the trial judge's order,[1] which requires construction. The rule of construction in construing orders and judgments is:

> The general rule is that a judgment should be so construed as to give effect to every part of it and where there are two possible interpretations that one will be adopted which is in harmony with the entire record, and is such as ought to have been rendered and is such as is within the jurisdictional power of the court. 23 Cyc., 1101. Moreover, the judgment will be read in the light of the pleadings and the other parts of the record ..."

Grant v. Davis, 8 Tenn.Ct.Civ.App. 315 at 319 (1918). *Accord: Branch v. Branch,* 35 Tenn.App. 552, 249 S.W.2d 581 (1952).

The trial court stated that it was "of the opinion that the facts and circumstances provided by affidavit of defendant constitute excusable neglect." However, the court also stated that "under these factual reasons for failing to file the notice of appeal ... the court ... does not have authority pursuant to said rules to grant the relief requested ...."

Appellant argues the trial court found excusable neglect but erred as a matter of law in deciding it had no authority to grant such relief. Relying upon the rules of construction, we conclude the trial judge determined the circumstances would constitute excusable neglect but did not merit Rule 60.02 relief. His statement that the court "does not have authority" to grant the relief is preceded by the phrase "under these factual reasons". These phrases indicate a determination that counsel's neglect was not of the type for which Rule 60 provides relief. Apparently, the judge was reassuring counsel the neglect was not willful and was understandable but the judge did not believe the requested relief was justified under the circumstances. This construction of the order is consistent with Rule 60, which does not require relief in all cases upon finding of excusable neglect but states "the court *may relieve* a party" for excusable neglect. T.R.C.P., Rule 60.02. (Emphasis supplied.)

The issue thus becomes whether the trial judge properly denied relief under Rule 60.02. The setting aside of a judgment lies within the sound *discretion* of the trial court. *Keck v. Nationwide Systems, Inc.,* 499 S.W.2d 266 (Tenn.App.1973). It is

---

1. The order which was approved in form by counsel for both parties states in pertinent part:

   Upon a motion of the defendant for relief under Rule 60.02 of the Tennessee Rules of Civil Procedure and Rule 4 of the Tennessee Rules of Appellate Procedure and after hearing argument of counsel, the court is of the opinion that the facts and circumstances provided by affidavit of the defendant constitute

   excusable neglect pursuant to Rule 60.02 for failing to file the notice of appeal but under these factual reasons for failing to file the notice of appeal within the thirty days next succeeding the filing of the order overruling the motion for a new trial, the court is of the opinion that it does not have authority pursuant to said rules to grant the relief requested to grant an extension to the defendant in which to file a notice of appeal.

clear from the case of *Jerkins v. McKinney,* 533 S.W.2d 275 (Tenn.1976), the relief sought by the appellant may be granted under Rule 60.02. *Accord: Tate v. County of Monroe,* 578 S.W.2d 642 (Tenn.App.1978). *See* comment, T.R.A.P., Rule 4. The grounds for the relief sought are set forth in the attorney's affidavit which states, in pertinent part:

The Order overruling defendant's Motion for New Trial was entered on July 26, 1982, which established August 26, 1982, as the last date for which defendant could file a Notice of Appeal and Security for Costs.

On July 21, 1982, I wrote a lengthy letter to the defendant recapping the case in its entirety, advising of the defendant's alternatives at that time with respect to appeal and requested defendant's instructions with reference to perfecting an appeal.

On August 2, 1982, prior to receipt of any direction from defendant, I prepared a Notice of Appeal and Security for Costs on Appeal, copies of which are attached hereto. I placed these in my file and awaited response from my July 21, 1982, letter.

On August 19, 1982, I left the state for a personal family vacation prior to receiving direction from the defendant with respect to the appeal. Subsequent to my departure on vacation and more specifically on August 20, 1982, a letter from the defendant addressed to me was received in the office advising that defendant wanted to appeal this case. The letter was placed in the file and the Notice of Appeal was not filed on or before August 26, 1982.

The appellant relies on *Tennessee State Bank v. Lay,* 609 S.W.2d 525 (Tenn.App. 1980); *Keck v. Nationwide Systems, Inc., supra.* The instant case does not involve setting aside a default judgment whereas in those cases the prime consideration was providing for a determination of the cases on the merits. In this case the appellant has been afforded a trial on the merits before a jury and the rule in *Lay* and *Keck* to resolve questionable cases in favor of granting relief is not applicable.

Under T.R.A.P., Rule 2, appellate courts are expressly prohibited from extending the time allowed for taking appeal as of right. *Gassaway v. Patty,* 604 S.W.2d 60 (Tenn. App.1980), and the time limit provided by T.R.A.P., Rule 4, is mandatory and jurisdictional. The rules for perfecting an appeal must be strictly complied with and are not subject to waiver, *G.F. Plunk Const. v. Barrett Properties,* 640 S.W.2d 215 (Tenn.1982), and the otherwise untimely appeal can only be taken by first securing relief under T.R. C.P., Rule 60.02, in appropriate circumstances.

We conclude the excuse offered by affidavit for non-compliance with T.R.A.P., Rule 4, does not affirmatively establish that the trial judge abused his discretion in deciding the circumstances were inappropriate for granting relief.

Appellees have made application for damages under the frivolous appeals statute, which we find to be meritless.

We affirm the judgment of the chancellor and remand at appellant's cost.

GODDARD, J., and KIRBY MATHERNE, Special Judge, concur.