IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
NOVEMBER 19, 2003 Session

# DEBBIE LEGENS v. DARIN MARSHALL d/b/a MARSHALL RECOVERY SERVICE, INC.

### Direct Appeal from the Circuit Court for Weakley County
### No. 3824      William B. Acree, Judge

---

### No. W2003-00005-COA-R3-CV - Filed March 9, 2004

---

This cases arises from the repossession of a 1998 GMC Yukon by the Defendant, Marshall Recovery Services, Inc. Plaintiff alleges that several items of personal property, including cash and jewelry, were in the vehicle at the time of repossession and that Defendant has failed to return these items. Upon conclusion of a bench trial, the lower court entered a final order on November 26, 2002, awarding Plaintiff damages in the amount of $15,099. Notice of appeal was then filed on December 20, 2002 by "Darin Marshall, d/b/a Marshall Recovery." An amended notice of appeal was thereafter filed on January 2, 2003, purporting to add "Marshall's Recovery Services, Inc." as a party to the appeal. For the following reasons, we find that notice of appeal in this matter was not timely filed and, consequently, that we lack jurisdiction to hear the appeal.

### Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J. , joined.

David W. Camp, Jackson, TN, for Appellant

James H. Bradberry, Dresden, TN, for Appellee

### OPINION

### Facts and Procedural History

The record before us provides only a sparse account of the facts giving rise to this action. However, it is apparent that this case involves the repossession of a 1998 GMC Yukon by Marshall's Recovery Service, Inc. ("MRSI"), a corporation owned and operated by Darin Marshall ("Marshall"). After the vehicle was repossessed, Debbie Legens ("Plaintiff") filed suit in general sessions court in Weakley County, Tennessee on December 7, 2001. Plaintiff alleged that several items of personal

property, including cash and jewelry, were in the vehicle at the time of repossession and that Marshall never returned this property. The general sessions court then conducted a trial, after which it entered judgment in favor of Marshall. On January 15, 2002, Plaintiff appealed this ruling to the Circuit Court of Weakley County, which set a hearing for March 14, 2002. Marshall subsequently failed to answer or otherwise plead in the matter and did not appear at the hearing. Consequently, the trial court entered default judgment for Plaintiff, awarding her a total of $16,600.

Marshall thereafter filed a motion to alter or amend pursuant to Rule 59 of the Tennessee Rules of Civil Procedure. In support of his motion, Marshall maintained that he never received notice of the appeal until the March 14 hearing had passed and default judgment had been entered. The trial court conducted a hearing on Marshall's motion and set aside the default judgment on July 26, 2002. Plaintiff then filed a motion to amend her complaint to add "Marshall Recovery Systems, Inc." as a party defendant. Up to this point in the proceedings, the single named defendant had been "Darin Marshall d/b/a Marshall Recovery," which only included Darin Marshall in his individual capacity, rather than the corporation owned and operated by Marshall that carries out repossessions. The trial court granted the motion to amend on August 12, 2002, and Marshall Recovery Systems, Inc. was added as a party defendant.

After conducting a trial on August 12, 2002, the lower court found for Plaintiff, awarding her a total of $15,099 to be enforced solely against Marshall Recovery Systems, Inc. The order awarding judgment was entered on September 9, 2002. On October 9, 2002, defendant Corporation then filed a motion to alter or amend the judgment, alleging, among other things, that the entity named in the amended complaint is not the name of a corporation owned and operated by Marshall. Plaintiff responded to this allegation by filing a motion to correct a clerical error. In her motion, Plaintiff moved the trial court for permission to amend the pleadings to include the correct corporate entity, Marshall Recovery Services, Inc., rather than the entity listed, Marshall Recovery Systems, Inc. On November 26, 2002, the lower court granted Plaintiff's motion to correct and denied MRSI's motion to alter or amend the judgment. Notice of appeal was then filed on December 20, 2002 by "Darin Marshall d/b/a Marshall Recovery." An amended notice of appeal was thereafter filed on January 2, 2003, purporting to add Marshall's Recovery Services, Inc. as an Appellant in this appeal.

### Issues on Appeal

Appellant raises the following issue for our consideration:

I.      Whether the trial court erred in granting judgment against Marshall's Recovery Services, Inc. when that entity did not receive proper service of process.

Appellee raises an additional issue:

II.     Whether notice of appeal was timely filed in this matter by Marshall's Recovery Services, Inc.

## Standard of Review

This case was tried by the lower court sitting without a jury. As such, we review the trial court's findings of fact *de novo* upon the record, with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002). With respect to the lower court's conclusions of law, our review is *de novo* with no presumption of correctness. *Kendrick*, 90 S.W.3d at 569.

## Law and Analysis

We will first address Plaintiff's contention that MRSI did not timely file its notice of appeal, as this issue determines our jurisdiction to hear this appeal. It is undisputed that Darin Marshall, in his individual capacity, filed the first notice of appeal on December 20, 2002, well within the thirty day limit set forth in rule 4(a) of the Tennessee Rules of Appellate Procedure. The judgment below, however, was rendered against the corporate defendant Marshall's Recovery Services, Inc., a legally separate entity from Darin Marshall the individual. *See Old Hickory Eng'g & Mach. Co. v. Henry*, 937 S.W.2d 782, 785 (Tenn. 1996). MRSI did not give its notice of appeal until the amended notice, which was filed on January 2, 2003, some thirty-seven days after entry of the trial court's judgment.

Based on these facts, we must conclude that MRSI's notice of appeal was not timely filed. Rule 2 of the Tennessee Rules of Appellate Procedure forbids us from extending the time for filing an appeal prescribed in Rule 4. *Edmundson v. Pratt*, 945 S.W.2d 754, 754 (Tenn. 1997) (citing *John Barb, Inc. v. Underwriters at Lloyds*, 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983)). The comments to Rule 4 also clearly state that "[n]othing in this rule or any other rule permits the time for filing notice of appeal to be extended beyond the specified 30 days . . . ." Although Marshall filed a notice of appeal that was timely, MRSI cannot append its own notice to that of its co-defendant, thereby curing the timing defect. The clear language of the rules mentioned above supports this conclusion, as do prior holdings of this Court under similar circumstances. *See Milliken v. Feldt*, No. 01-A-01-9806-CV-0027, 1999 WL 452319, at *1-2 (Tenn. Ct. App. July 1, 1999) (holding that an application for appeal from general sessions court to circuit court, which was timely filed by only one of multiple defendants, could not act to bring all the defendants before the circuit court on appeal); *State ex rel. Adams v. City of Murfreesboro*, No. 01-A-01-9404-CH00195, 1994 WL 585678, at *1-2 (Tenn. Ct. App. Oct. 26, 1994) (holding that a notice of appeal listing only a single plaintiff/appellant did not extend to other, unnamed co-plaintiffs). As MRSI failed to comply with the thirty-day filing requirement, we do not have jurisdiction to hear this appeal. *John Barb, Inc.*, 653 S.W.2d at 424.

## Conclusion

For the foregoing reasons, this appeal is dismissed. Costs are taxed to Appellant, Marshall's Recovery Services, Inc., and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE