IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs July 20, 2010

## PAUL KEENER v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 07-1404-II     Carol L. McCoy, Chancellor**

**No. M2009-01788-COA-R3-CV - Filed August 11, 2010**

This is an appeal from the denial of a Rule 60.02 motion to set aside a prior order of dismissal. The trial court dismissed an inmate's petition for writ of certiorari for failure to comply with Tennessee Code Annotated sections 41-21-805 and -807, which govern inmate lawsuits. Nearly two years later, the inmate filed a Rule 60.02 motion to set aside the order of dismissal. The trial court denied the motion and the inmate appealed. Because the trial court did not abuse its discretion in denying the requested relief, its ruling is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J., joined.

Paul Keener, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, Jennifer L. Brenner, Assistant Attorney General, for the appellee, Tennessee Board of Probation and Parole.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The petitioner/appellant, Paul Keener, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. On May 23, 2007, Mr. Keener filed a petition for common law writ of certiorari with the Chancery Court of Davidson County seeking review of the actions of the Tennessee Board of Probation and Parole ("the Board"). On June 26, 2007, the trial court issued an order giving Mr. Keener thirty days to comply with the mandatory procedures of Tennessee Code Annotated section 41-21-801 *et seq.* pertaining to inmate lawsuits. The court specifically directed Mr. Keener to submit the following: (1) a filing fee or affidavit of indigency, (2) a copy of the complaint/petition for each defendant, (3) a summons form in duplicate for each defendant, (4) a special inmate affidavit pursuant to Tennessee Code Annotated section 41-21-805, (5) a current certified copy of the inmate's trust account statement showing all activity for the six-month period immediately preceding the filing of the petition pursuant to Tennessee Code Annotated section 41-21-807, and (6) a partial payment of the filing fee in an amount to be determined pursuant to Tennessee Code Annotated section 41-21-807. On September 21, 2007, the trial court dismissed Mr. Keener's petition for failure to comply with the statutory requirements set forth in its June 26th order. Nearly two years later, Mr. Keener moved to set aside the court's judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court denied Mr. Keener's motion, concluding that he failed to "provide any rationale or reasoning [to] support his request." Mr. Keener timely appealed.[2]

The sole question before this Court is whether the trial court abused its discretion when it denied Mr. Keener's motion to set aside its prior order of dismissal. Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The

---

[2]Mr. Keener's notice of appeal, which he filed within thirty days of the denial of his Rule 60 motion, states that he is appealing a final judgment from August 13, 2003. There is no such order in this record. The notice of appeal, however, also states that Mr. Keener is appealing the final judgment of Chancellor Carol L. McCoy from the Davidson County Chancery Court. Given the timing of the filing, the appellant's *pro se* status, and the absence of any suggestion that the notice of appeal failed to fairly apprise the Board that Mr. Keener intended to appeal the denial of his Rule 60.02 motion, we interpret the notice of appeal as pertaining to the current action and find no bar to our review.

motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. Rule 60.02 "provides an exceptional remedy that enables parties to obtain relief from a final judgment." *Delong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005) (citing *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003)). The rule "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). "Because of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991). Courts grant relief under Rule 60.02 "only in those few cases that meet one or more of the criteria stated." *Id.*

The burden to demonstrate a basis for relief under Rule 60.02 is on the movant. *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991) (citing *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 186 (Tenn. Ct. App. 1985)). "The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy." *Delong*, 186 S.W.3d at 511 (citing *Johnson v. Johnson*, 37 S.W.3d 892, 895 n.2 (Tenn. 2001)). Even if grounds for relief are proven, the trial court may refuse in its discretion to set aside a judgment. *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 423 (Tenn. Ct. App. 1983) (citing Tenn. R. Civ. P. 60.02). A failure to persuade the trial court to exercise its discretion in favor of granting relief is difficult to overcome: "In practical effect, a trial court's determination of whether to grant relief pursuant to Rule 60.02 is virtually conclusive." Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* §12-3[d], at 12-56 (3d ed. 2009) (footnote omitted).

This Court will overturn a trial court's decision to grant or deny relief under Rule 60.02 only if the court has abused its discretion. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993)). "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Thompson v. Chafetz*, 164 S.W.3d 571, 574 (Tenn. Ct. App. 2004) (citing *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)). The abuse of discretion standard does not allow this Court to substitute the panel's judgment for the judgment of the trial court. *Henry*, 104 S.W.3d at 479 (citation omitted). Rather, we will uphold the decision of a trial court so long as reasonable minds can disagree about its correctness, *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001), and will set aside the

court's decision only if the court has applied an incorrect legal standard or has reached an illogical or unreasoned decision that causes an injustice to the complaining party, *Pegues v. Ill. Cent. R.R. Co.*, 288 S.W.3d 350, 353 (Tenn. Ct. App. 2008) (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)).

Mr. Keener filed the motion at issue pursuant to Rule 60.02(5), which permits a trial court to relieve a party from a final judgment for "any . . . reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02(5). "Despite its broad language, the courts construe Tenn. R. Civ. P. 60.02(5) narrowly." *Delong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511-12 (Tenn. Ct. App. 2005)(citing *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 625 (Tenn. 2000); *Underwood*, 854 S.W.2d at 97). "Accordingly, the bar for obtaining relief under Tenn. R. Civ. P. 60.02(5) is even higher than the bar for obtaining relief under the other grounds in Tenn. R. Civ. P. 60.02." *Id.* at 512 (citing *Tenn. Dep't of Human Servs. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985); *Beason v. Beason*, 120 S.W.3d 833, 840 (Tenn. Ct. App. 2003)). Mr. Keener, however, did not provide any rationale or reasoning to support his motion before the trial court, clearly failing to carry the heavy burden to demonstrate that relief was appropriate. It can hardly be said, therefore, that the trial court abused its discretion when it denied the motion.

Mr. Keener nevertheless submits on appeal that it would be a fundamental miscarriage of justice to preclude his petition from going forward, citing his status as a *pro se* inmate who is unlearned in the law and cannot afford to retain legal counsel. This Court, however, has recognized that "'[p]risoners and other non-lawyers who represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with.'" *Richardson v. Tenn. Bd. of Probation and Parole*, No. M2008-02568-COA-R3-CV, 2009 WL 3046960, at *3 (Tenn. Ct. App. Sept. 23, 2009) (quoting *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 n.6 (Tenn. Ct. App. Apr. 30, 2002)) (citing *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000)). And adoption of Mr. Keener's position—that courts should not require *pro se* inmates to comply with the aforementioned procedural requirements—would effectively exempt *pro se* inmates from the statutory scheme that the General Assembly specifically developed to govern such actions, which is not within the province of this Court. *See Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 517 n.2 (Tenn. 2005) (recognizing that it is not the role of the judiciary to rewrite statutes in order to remedy perceived unfairness). Having reviewed the record, we hold that the trial court did not abuse its discretion when it denied Mr. Keener's Rule 60.02 motion. Its decision is affirmed.[3]

---

[3]We note that the question of whether the trial court dismissed Mr. Keener's petition with or without

(continued...)

## Conclusion

For the foregoing reasons, we affirm the denial of Mr. Keener's Rule 60.02 motion to set aside the court's prior order of dismissal. Costs of this appeal are taxed to the appellant, Paul Keener, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[3](...continued)
prejudice is not before us, nor is the question of whether the court should have dismissed the petition with or without prejudice. *See Williams v. Bell,* 37 S.W.3d 477, 480 (Tenn. Ct. App. 2000) (holding that failure to comply with Tennessee Code Annotated section 41-21-805 warranted dismissal without prejudice).