# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned March 12, 2012

## DAVID B. TODD, III et al. v. TRUDY CAMPBELL et al.

### Appeal from the Circuit Court for Davidson County
### No. 11C2994    Hamilton V. Gayden, Jr., Judge

### No. M2012-00420-COA-R3-CV - Filed March 15, 2012

This is an appeal from a final judgment dismissing an inmate's complaint.  Because the inmate did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

PATRICIA J. COTTRELL, P.J., M.S.; ANDY D. BENNETT AND RICHARD H. DINKINS, JJ.

David B. Todd, III, Manchester, Kentucky, Pro Se.
Loraine C. Todd, Nashville, Tennessee, Pro Se.

John Edward Quinn, Nashville, Tennessee, for the appellees, Re/Max-Elite, Rod Campbell, and Trudy Campbell.

### MEMORANDUM OPINION[1]

This appeal arises out of a pro se complaint filed in the Circuit Court for Davidson County by David B. Todd, III and Loraine C. Todd.  Ms. Todd is a resident of Davidson County.  Mr. Todd is an inmate in the Federal Prison Camp in Manchester, Kentucky.  On

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

January 6, 2012, the trial court granted the defendants' motion to dismiss the complaint pursuant to Tenn. R. Civ. P. 12.02(6). On February 15, 2012, Mr. Todd filed a notice of appeal with the trial court clerk on behalf of himself and Ms. Todd. The appellees have now filed a motion to dismiss the appeal for failure to file a timely notice of appeal.

Before addressing the timeliness of the notice of appeal, we first consider whether Ms. Todd is a proper appellant in this case. The notice of appeal purports to be filed on behalf of both David B. Todd, III and Loraine C. Todd but is signed only by Mr. Todd. Tenn. Code Ann. § 23-3-103(a) prohibits any person from engaging in the practice of law unless that person is duly licensed. The practice of law is defined as "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court. . ." Violation of Tenn. Code Ann. § 23-3-103(a) is a Class A misdemeanor. Tenn. Code Ann. § 23-3-103(b). While Mr. Todd may file a pro se notice of appeal on his own behalf, allowing him to file a notice of appeal or take any other action in this court on behalf of Ms. Todd would be permitting the unauthorized practice of law. Accordingly, the notice of appeal filed by Mr. Todd is a nullity with respect to Ms. Todd.

Turning now to the timeliness of Mr. Todd's appeal, Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. The appellees assert Mr. Todd did not file his notice of appeal with the trial court clerk until February 15, 2012, forty days after entry of the order appealed.

Mr. Todd has filed a response to the motion to dismiss asserting that he mailed his notice of appeal on January 27, 2012, and the notice is thus timely under the "prison mailbox rule." A notice of appeal filed by an inmate in a correctional facility will be considered timely if it was delivered to the appropriate individual at the correctional facility within the thirty (30) day period. Tenn. R. App. P. 4 and 20(g). However, the burden of proving timely delivery is on the inmate. Mr. Todd has not presented any proof of timely delivery. Moreover, the only date stamp on the envelope containing the notice indicates the notice was received in Lexington, KY on February 13, 2012, well beyond the thirty day period. Accordingly, Mr. Todd has failed to meet his burden of proving timely delivery. The time limit for filing a notice of appeal is mandatory and jurisdictional. *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983). This court can neither waive nor extend the time period. Tenn. R. App. P. 2; *Edmundson v. Pratt*, 945 S.W.2d 754 (Tenn. Ct .App.1996); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

This appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to David B. Todd, III.

PER CURIAM