# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 25, 2016 Session

## PINNACLE TOWERS ACQUISITION LLC ET AL.
## v. BORIS PENCHION ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH-13-1744-2      Jim Kyle, Chancellor**

_____

**No. W2016-00390-COA-R3-CV – Filed January 25, 2017**

_____

A landowner granted a perpetual easement over a portion of her real property to a telecommunications tower company. According to the contracting parties' agreement, the landowner agreed to have the property subject to the easement ("Easement Property") separately assessed for real property taxes so that the tax obligations could be paid by the company. After the landowner's real property was separately assessed as two tax parcels, the company timely paid all real property taxes due on the Easement Property, but the landowner failed to pay real property taxes on the remainder of the tract. As a result, the larger parcel was sold to the county at a tax sale and later transferred to a third-party purchaser. Said purchaser thereafter refused to allow the telecommunications company access to the Easement Property. The company filed the instant action, seeking to have its easement declared valid and requesting an injunction to prevent the third-party purchaser from interfering with the easement. The company subsequently filed a motion for summary judgment, which the trial court granted, determining that the easement was valid but declaring the third-party purchaser to be the owner of the Easement Property. The third-party purchaser timely appealed. Determining the underlying tax sale to be invalid, we vacate the trial court's grant of summary judgment to the company and remand this matter for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Terry C. Cox, Collierville, Tennessee, for the appellant, Boris Penchion.

James L. Murphy, Peter C. Sales, and Joshua J. Phillips, Nashville, Tennessee, for the appellee, Pinnacle Towers Acquisition LLC.

John B. Turner, Jr., Memphis, Tennessee, for the appellee, Shelby County, Tennessee.

## OPINION

### I. Factual and Procedural Background

Shirley Kennedy acquired a 10.935-acre parcel of real property located at 1524 Texas Street in Memphis ("the Property") via an instrument of conveyance dated October 1, 1996. On December 21, 1998, Ms. Kennedy entered into a written lease agreement with Tower Ventures, LLC ("Tower"), whereby Tower agreed to lease a portion of the Property in order to place a telecommunications tower thereon. In 2000, Tower sold and assigned its interest in the lease agreement to Pinnacle Towers Inc.

Ms. Kennedy subsequently entered into an Amended and Restated Easement Purchase Agreement ("Easement Agreement") on September 22, 2004, with Pinnacle Towers Acquisition LLC ("Pinnacle"), regarding the portion of the Property known as the "communications tower site." The Easement Agreement stated that Pinnacle would have an exclusive, perpetual easement in the Easement Property for all purposes, including "installing, leasing, operating, maintaining, repairing, replacing, rebuilding, altering, inspecting, improving and removing" communications towers and related equipment. The Easement Agreement described the Easement Property as follows:

**Easement Property**

**Description of Easement Parcel being part of the Shirley S. Kennedy property recorded in Instrument No. GD-2986 in Memphis, Shelby County, Tennessee:**

Commencing at a found chisel mark in the east line of Texas Street (50' R.O.W.), said point being the southwest corner of said property recorded in Instrument No. GD-2986; thence north 89 degrees 55 minutes 02 seconds east along the south line of said property recorded in Instrument No. GD-2986, 294.17 feet to a set ½" rebar with plastic cap, said point being the Point of Beginning; thence across said property recorded in Instrument No. GD-2986 the following calls; north 00 degrees 04 minutes 58 seconds west, 50.00 feet to a found cotton picker spindle; north 87 degrees 16 minutes 42 seconds east, 24.60 feet to a set ½" rebar with plastic cap; south 89 degrees 41 minutes 36 seconds east, 25.43 feet to a set ½" rebar with plastic cap;

2

south 00 degrees 04 minutes 58 seconds east, 50.96 feet to a found ½" rebar with plastic cap in the south line of said property recorded in Instrument No. GD-2986; thence south 89 degrees 55 minutes 02 seconds west along the south line of said property recorded in Instrument No. GD-2986, 50.00 feet to the point of beginning and containing 2,541 square feet or 0.058 acres of land.

**20' Wide Access, Utility & Teleco Easement**

Description of 20' Wide Access, Utility and Teleco Easement being part of the Shirley S. Kennedy property recorded in Instrument No. GD-2986 in Memphis, Shelby County, Tennessee:

Commencing at a found chisel mark in the east line of Texas Street (50' R.O.W.), said point being the southwest corner of said property recorded in Instrument No. GD-2986; thence north 00 degrees 00 minutes 00 seconds east along the east line of said Texas Street, 66.63 feet to the Point of Beginning; thence north 00 degrees 00 minutes 00 seconds east along the east line of said Texas Street, 20.00 feet to a point; thence across said property recorded in Instrument No. GD-2986 the following calls:  north 89 degrees 55 minutes 02 seconds east, 166.92 feet to a point; south 68 degrees 16 minutes 41 seconds east, 136.93 feet to a point in the west line of the above described Easement Parcel; thence south 00 degrees 04 minutes 58 seconds east along the west line of said Easement Parcel, 21.54 feet to a point; thence continuing across said property recorded in Instrument No. GD-2986 the following calls:  north 68 degrees 16 minutes 41 seconds west, 141.08 feet to a point; south 89 degrees 55 minutes 02 seconds west, 163.09 feet to the point of beginning and containing 6,080 square feet or 0.140 acres of land.

The Easement Agreement also provided that Pinnacle would pay all real and personal property taxes respecting the Easement Property once Ms. Kennedy had caused the Easement Property to receive a separate tax assessment.  Ms. Kennedy also assigned her interest in the prior lease agreement to Pinnacle.  An easement conveyance containing the same legal description was concomitantly executed, and the easement was recorded on October 13, 2004, in the Shelby County Register of Deeds office.[1]

It is undisputed that following the recordation of the easement, the Shelby County Tax Assessor began treating the Property for taxation purposes as two tax parcels,

---

[1] The record does not indicate that the Easement Agreement was recorded in the Shelby County Register of Deeds office.

referred to by the parties as the "C" parcel and the "L" parcel. According to a representative of the Shelby County property assessor, the C parcel constituted the original parcel of land owned by Ms. Kennedy, exclusive of the L parcel, while the L parcel contained the portion of the Property that was subject to the easement. The tax assessor concomitantly began sending two separate annual tax bills—one to "Kennedy Shirley S c/o PMB 353" at a Pennsylvania address for the L parcel, and one to Ms. Kennedy personally for the C parcel. There is no dispute that Pinnacle timely paid all real property taxes due relative to the L parcel.

Because the real property taxes on the C parcel were not paid in a timely manner, however, the Shelby County Trustee issued a notice of tax sale related to the C parcel in the latter part of 2009. The notice reflects Ms. Kennedy as the record owner of the C parcel but makes no reference to the L parcel. The notice was sent to Pinnacle as an interested party. The tax sale occurred on January 19, 2010, with Shelby County acquiring the C parcel at the sale. It is undisputed that on December 18, 2012, Shelby County quitclaimed its interest in the C parcel to Boris Penchion. Thereafter, Mr. Penchion took steps to block Pinnacle's access to the telecommunications tower by installing an electric fence and utilizing chains and locks. Consequently, Pinnacle was unable to access the tower.

Pinnacle subsequently filed this action on November 22, 2013, against Mr. Penchion and Shelby County, seeking a declaratory judgment that its easement was still valid, despite the tax sale of the C parcel, as well as injunctive relief enjoining Mr. Penchion from interfering with Pinnacle's use of the easement. Pinnacle also sought to quiet title to the L parcel in favor of Ms. Kennedy, subject to Pinnacle's easement. Pinnacle further requested damages for trespass. Following the grant of a temporary injunction allowing Pinnacle access to the tower site and the filing of answers by Mr. Penchion and Shelby County, Pinnacle filed a motion for summary judgment with a supporting statement of undisputed material facts. Mr. Penchion thereafter filed an amended answer and a cross-complaint against Shelby County. During a hearing held on May 9, 2014, the trial court ordered that Pinnacle file an amended complaint, adding Ms. Kennedy and her husband as necessary parties. Accordingly, Pinnacle filed an amended complaint accomplishing this objective on May 15, 2014.

Following pretrial discovery and numerous other court filings by the parties, including a motion to dismiss filed by Mr. Penchion, the trial court addressed the pending motions on January 9, 2015. In a subsequent order entered on January 29, 2015, the trial court granted summary judgment in favor of Pinnacle while denying Mr. Penchion's motion to dismiss. In support, the court found that (1) property interests involving easements were assigned separate tax identification numbers and (2) the easement in question survived the tax sale of the C parcel because it had been assigned a separate tax

identification number and the respective taxes had been paid. Although Mr. Penchion appealed that ruling, the matter was subsequently remanded to the trial court by this Court due to the absence of a final order.

Following the remand and additional filings by the parties, the trial court issued a final order on January 25, 2016, which stated in pertinent part:

- Judgment is entered in favor of Pinnacle as to Counts I (Quiet Title), Count III (Declaratory Judgment), and Count IV (Permanent Injunction). The Court finds that Pinnacle's easement survived the tax sale and is valid. Penchion is the owner of the subject property. Following the tax sale, the Kennedys have no interest in the property. Penchion, his agents, his attorneys, and any other persons in active concert or participation with him are hereby enjoined from interfering with Pinnacle's easement.

- Count II (Trespass) and Damages: At the December 11, 2015 [hearing], counsel for Pinnacle and Kennedys agreed to withdraw the claims for trespass, damages, and punitive damages and take a voluntary nonsuit with respect to the same. Accordingly, the Court hereby enters an order of voluntary dismissal and decrees that Pinnacle['s] and the Kennedys' claims for trespass, damages, and punitive damages are hereby dismissed without prejudice.

- The Court further finds that Penchion's amended answer and cross complaint against Shelby County was not filed within 15 days of the original answer and filed without leave of Court or agreement of the parties. Consequently, the amended answer and cross complaint was filed in violation of Tenn. R. Civ. P. 15.01, is not effective, and is hereby stricken from the record.

- Because the Court has adjudicated all pending claims in this matter, Penchion's request for leave to file an application for permission for interlocutory [appeal] is unnecessary and is denied.

- The Court further relies upon the reasons set forth at the December 11, 2015 hearing. The hearing transcript is attached and incorporated hereto.

- This is a final order pursuant to Tenn. R. Civ. P. 54.01, from which an appeal may lie.

(Paragraph numbering and footnote omitted.) Mr. Penchion timely appealed.

## II. Issues Presented

Mr. Penchion presents the following issues for our review, which we have restated slightly:

1.  Whether the trial court erred by finding that Pinnacle's easement had survived a valid tax sale and thereby granting summary judgment in favor of Pinnacle.

2.  Whether Pinnacle is estopped from asserting an interest in the subject real property.

Pinnacle presents the following additional issues:

3.  Whether the trial court erred by determining that Mr. Penchion held an ownership interest in the L Parcel.

4.  In the alternative, whether the trial court erred by declining to declare the tax sale void because the notice did not comply with Tennessee Code Annotated § 67-5-2502.

Finally, Shelby County presents the following additional issue:

5.  Whether the trial court erred by declining to declare that Pinnacle lacks standing to contest the validity of the tax sale of the C Parcel.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the*

*summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65 (emphasis in original). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

7

With regard to proper construction of a statute, our Supreme Court has elucidated:

> The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. *Walker v. Sunrise Pontiac-GMC Truck, Inc.,* 249 S.W.3d 301, 309 (Tenn. 2008). To that end, we start with an examination of the statute's language, *Curtis v. G.E. Capital Modular Space,* 155 S.W.3d 877, 881 (Tenn. 2005), presuming that the legislature intended that each word be given full effect. *Lanier v. Rains,* 229 S.W.3d 656, 661 (Tenn. 2007). When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming,* 19 S.W.3d 195, 197 (Tenn. 2000); *see also In re Adoption of A.M.H.,* 215 S.W.3d 793, 808 (Tenn. 2007) ("Where the statutory language is not ambiguous . . . the plain and ordinary meaning of the statute must be given effect.") (citing *Calaway ex rel. Calaway v. Schucker,* 193 S.W.3d 509, 516 (Tenn. 2005)). The construction of a statute is also a question of law which we review de novo without any presumption of correctness. *Lind,* 356 S.W.3d at 895.

*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307-08 (Tenn. 2012).

## IV. Grant of Summary Judgment

Predicated upon his assertion that Pinnacle's easement was extinguished by the valid tax sale, Mr. Penchion argues that the trial court erroneously granted summary judgment in favor of Pinnacle. Mr. Penchion relies on case law holding that a purchaser who buys land at a valid tax sale will be given complete, unencumbered title to the property because the tax sale extinguishes all prior titles and encumbrances. *See Hefner v. Nw. Mut. Life Ins. Co.*, 123 U.S. 747 (1887). *See also* Tenn. Code Ann. § 67-5-2504(b) (2013) ("A tax deed of conveyance shall be an assurance of perfect title to the purchaser of such land . . . ."). Pinnacle contends, however, that the Property was separately assessed as two distinct tax parcels following the grant of a perpetual easement to Pinnacle in 2006, pursuant to the terms of the Easement Agreement. Thereafter, Shelby County sent separate tax bills annually, with the respective tax bills for the L parcel having been received and timely paid by Pinnacle. Thus, Pinnacle argues that Mr. Penchion purchased only the C parcel following the tax sale and that Pinnacle's easement in the L parcel remains unaffected.

As Pinnacle points out, a county's authority to sell real property at a tax sale is based upon the taxes on such property being delinquent and remaining unpaid. *See* Tenn.

Code Ann. §§ 67-5-2001, -2501 (2013). Pinnacle asserts that the undisputed facts demonstrate that Pinnacle had paid all taxes due on the L parcel, such that Shelby County would have had no authority to sell the L parcel at a tax sale. Furthermore, in its appellate brief filed with this Court, Shelby County concedes that no delinquent taxes were owed on the L parcel and acknowledges that the L parcel was not sold at the tax sale. We determine, however, that such "division" of parcels for tax assessment purposes has no bearing on the ownership of the fee or the lien that attaches to the fee when real property taxes are not timely paid.

Regarding the establishment of a statutory lien for real property taxes assessed, Tennessee Code Annotated § 67-5-2101 (2013) provides the following:

> (a) The taxes assessed by the state of Tennessee, a county, or municipality, taxing district, or other local governmental entity, upon any property of whatever kind, and all penalties, interest, and costs accruing thereon, shall become and remain a first lien upon such property from January 1 of the year for which such taxes are assessed.

Furthermore, Tennessee Code Annotated § 67-5-2102(a) (2013) provides that the statutory lien for real property taxes

> shall extend to each and every part of all tracts or lots of land, and to every species of taxable property, notwithstanding any division or alienation thereof, or assessing or advertising the same in the name of persons not actually owners thereof at the time of the sale, or though the owner be unknown.

Additionally, Tennessee Code Annotated § 67-5-2102(b) provides:

> Such taxes <u>shall be a lien upon the fee in the property</u>, and not merely upon the interest of the person to whom the property is or ought to be assessed, but to any and all other interests in the property, whether in reversion or remainder, or of lienors, or of any nature whatever.

(Emphasis added.)

The record demonstrates that at the time of the tax sale, ownership of the fee in the C and L parcels remained in Ms. Kennedy. Pursuant to these statutory provisions, Ms. Kennedy's nonpayment of real property taxes caused a statutory lien to attach to the entire fee of the Property, notwithstanding the fact that the two parcels had been

separately assessed for tax purposes. The fee ownership of the Property never changed; ergo, the tax lien attached to the fee in its entirety.

Any taxes paid by Pinnacle for the Easement Property would simply constitute partial payment of the taxes due on the fee in its entirety. Tennessee Code Annotated § 67-5-2001(d)(1) provides:

> [T]he county trustee may accept partial payments of delinquent property taxes . . . . If the entire amount of delinquent taxes due is not paid prior to the date the trustee delivers the delinquent tax lists to the delinquent tax attorney, the entire property shall be subject to the tax lien and enforcement by a tax sale or other legally-authorized procedures.

Furthermore, Tennessee Code Annotated § 67-5-2001(d)(5) states, "If a partial payment of delinquent property taxes is accepted, the partial payment does not release the tax lien on the property upon which the taxes were assessed." Giving effect to the plain and ordinary meaning of the applicable statutory language, we conclude that despite the partial payments tendered by Pinnacle and accepted by the trustee, the delinquent taxes for the entire property were not paid in total amount, which subjected the entire fee to the tax lien and enforcement by tax sale.

In this case, Shelby County acknowledges in its appellate brief that because no delinquent taxes were purportedly owed on the L parcel, comprised of the portion of the Property subject to the easement, the L parcel was not sold at the tax sale. Because the delinquent taxes for the entire fee were not paid in their entirety, however, the entire fee was subject to the statutory tax lien and enforcement by tax sale. *See* Tenn. Code Ann. § 67-5-2001(d)(1), (5). As such, the tax sale must be invalidated for failure to comply with these statutory provisions. Inasmuch as the tax sale at issue was invalid, we conclude that the trial court's grant of summary judgment must be vacated.[2]

## V. Remaining Issues

The parties have raised additional issues regarding the validity of the easement and the notice of tax sale. Based upon our conclusion that the tax sale was invalid, however, these issues are pretermitted as moot.

---

[2] Because the tax sale was invalid, we make no determination regarding the propriety of the trial court's ruling regarding the validity of the easement following the tax sale.

## VII. Conclusion

Having determined the tax sale to be invalid, we vacate the trial court's grant of summary judgment in favor of Pinnacle. We remand this matter to the trial court for further proceedings consistent with this opinion. Costs on appeal are taxed one-third to Boris Penchion, one-third to Pinnacle Towers Acquisition LLC, and one-third to Shelby County, Tennessee.

_____
THOMAS R. FRIERSON, II, JUDGE