# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 7, 2024 Session

## PHILIP L. LOZANO III v. CHARLOTTE R. SAPPO ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 21-0854-IV      Russell T. Perkins, Chancellor**

_____

### No. M2023-01216-COA-R3-CV

_____

A property owner sued his neighbors, claiming that he acquired title to a part of their land by adverse possession or, in the alternative, that he held a prescriptive easement. He asserted additional causes of action against one of the neighbors, including private nuisance, trespass to land, and forcible entry and detainer. The neighbors sought dismissal of the action via Tennessee Rule of Procedure 12.02(6) motions. The trial court dismissed the claims for adverse possession and prescriptive easement based on Tennessee Code Annotated § 28-2-110(a). It dismissed all other claims except for private nuisance based on deficiencies in the complaint. We vacate the dismissal of the prescriptive easement claim because facts warranting application of the statutory bar do not clearly appear on the face of the complaint. Because the appellant waived review of all other issues, we otherwise affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part, and Case Remanded

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which CARMA DENNIS MCGEE and JEFFREY USMAN, JJ., joined.

H. Edward Phillips III and Michal Durakiewicz, Franklin, Tennessee, for the appellant, Philip L. Lozano III.

J. Brad Scarbrough and Brandon A. Carnes, Nashville, Tennessee, for the appellees, Sheila McMorrow Jones and Robert Eric Jones.

David P. Cañas and Alyssa N. Wright, Franklin, Tennessee, for the appellee, Charlotte R. Sappo.

# OPINION

## I.

Phillip Lozano and Charlotte Sappo are neighbors. They own residential properties on opposite sides of an unimproved alley owned by the Metropolitan Government of Nashville and Davidson County, Tennessee. Mr. Lozano's property is located at 3205 Marlborough Avenue while Ms. Sappo owns the lot at 409 32nd Avenue South. An asphalt driveway serving the Lozano property "abut[s] and intrude[s]" over a portion of the alley and the adjacent lots.

Mr. Lozano told Ms. Sappo that he had a right to use part of her property to access his home. In response, she removed the privacy hedge that traversed her property beside Mr. Lozano's driveway and replaced it with a fence. According to Mr. Lozano, the fence violated the Metro "setback" ordinance and impeded his use of the driveway. Ms. Sappo also installed security cameras facing Mr. Lozano's property and performed other activities on her property he found offensive.

Displeased, Mr. Lozano sued his neighbor, asserting claims for prescriptive easement and private nuisance. Two amendments later, Mr. Lozano's action had expanded to include Robert Eric Jones and Sheila McMorrow Jones as additional party defendants. The Joneses own the residential property next door to Ms. Sappo and across the alley from Mr. Lozano. Both Mr. Lozano's driveway and the privacy hedge "abut and intrude" over a portion of the Joneses' lot.

The second amended complaint asserted claims for adverse possession and prescriptive easement against all the defendants. Mr. Lozano sought a declaration that he acquired ownership of those portions of his neighbors' properties covered by the driveway and hedge by adverse possession or, alternatively, that he held a prescriptive easement.[1] Additionally, the complaint alleged claims for private nuisance, trespass to land, and forcible entry and detainer against Ms. Sappo.

The defendants filed motions to dismiss. *See* TENN. R. CIV. P. 12.02(6). Pertinent to this appeal, they argued that the claims for adverse possession and prescriptive easement were statutorily barred because Mr. Lozano failed to allege that he paid taxes on the disputed property. *See* Tenn. Code Ann. § 28-2-110(a) (2017). They also maintained that the factual allegations in the complaint were insufficient to state either claim. Ms. Sappo urged the court to dismiss the remaining claims against her on a similar basis.

---

[1] Mr. Lozano laid claim to a "slightly irregular shaped rectangular strip" on the Sappo property beside the alley, measuring approximately 13 feet wide and 37.5 feet long. The disputed area on the Jones property consisted of a small "slightly irregular triangular strip" under the driveway and a larger "trapezoidal strip" abutting the driveway and extending approximately 35.5 feet across the Jones property.

2

Mr. Lozano insisted that the lengthy complaint contained sufficient factual allegations to withstand the motions to dismiss. And, in his view, Tennessee Code Annotated § 28-2-110(a) did not mandate dismissal of his adverse possession or prescriptive easement claims.

The trial court determined that Tennessee Code Annotated § 28-2-110(a) applied to Mr. Lozano's claims for adverse possession and prescriptive easement and that the dispute did not fall within the narrow exception to the statutory bar. *See Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 381 (Tenn. 2007) (holding the statute "should not serve as a bar to a claim of adverse possession when the tracts are contiguous, a relatively small area is at issue, and the adjacent owners making claims of ownership have paid their respective real estate taxes"). The court agreed that the complaint did not state a claim for trespass to land or forcible entry and detainer against Ms. Sappo. But the court reached a different conclusion on the private nuisance claim, finding sufficient factual allegations to state a cause of action. So it granted Ms. Sappo's motion in part and the Joneses' motion in its entirety.[2] Having dismissed both claims against the Joneses, the court dismissed them from the action. Finding no just reason for delay, the court certified the dismissal order as final. *See* TENN. R. CIV. P. 54.02.

## II.

Mr. Lozano contends the trial court erred in granting the motions to dismiss. A Rule 12.02(6) motion "challenges only the legal sufficiency of the complaint." *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). It does not challenge the strength of the plaintiff's proof or evidence. *Id.* Thus, "[t]he resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone." *Id.* This includes any "exhibits attached to the complaint," which are "considered part of the pleading." *Pagliara v. Moses*, 605 S.W.3d 619, 625 (Tenn. Ct. App. 2020) (citing TENN. R. CIV. P. 10.03).

When faced with a Rule 12.02(6) motion, the court must "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). The complaint should not be dismissed "unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief." *Doe v. Sundquist*, 2

---

[2] The court determined that Mr. and Mrs. Jones were entitled to an award of attorney's fees incurred because of the dismissed claims. *See* Tenn. Code Ann. § 20-12-119(c)(1) (2021). Because Ms. Sappo filed her motion to dismiss the prescriptive easement claim too late, the court determined that she was not entitled to recover any fees based on the dismissal of that claim. *See id.* § 20-12-119(c)(5)(B). But she was entitled to an award of attorney's fees associated with the dismissal of the other claims. The court stayed both awards during the pendency of any appeals. *See id.* § 20-12-119(c)(3).

S.W.3d 919, 922 (Tenn. 1999). This determination presents a question of law, which we review de novo, with no presumption of correctness. *Id.*

A.

Before we tackle Mr. Lozano's issue, we must first address the defendants' various waiver arguments. With few exceptions, appellate review is limited to the issues presented by the parties. *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012); *State v. Bristol*, 654 S.W.3d 917, 923-24 (Tenn. 2022) (discussing the importance of the party presentation principal). To that end, the rules of appellate procedure require an appellant's brief include both "[a] statement of the issues presented for review," and an argument delineating "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief." *Trezevant v. Trezevant*, 696 S.W.3d 527, 530 (Tenn. 2024) (quoting TENN. R. APP. P. 27(a)(4), (7)). Taken together, the statement of the issues and the argument should "clearly present the grounds for appellate relief." *Id.* at 531.

Mr. Lozano presents one broadly worded issue: "Whether the Chancellor erred in granting Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted." As stated, this "blanket" issue appears to "open the door" for Mr. Lozano to argue that he is entitled to relief based on almost any error "which might affect the correctness of the judgment." *Leeson v. Chernau*, 734 S.W.2d 634, 637 (Tenn. Ct. App. 1987). Yet his argument is narrowly tailored to his contention that the court erred in dismissing the prescriptive easement claim.[3] He does not argue that the court erred in dismissing his claims for adverse possession, trespass to land, and forcible entry and detainer. Thus, he has waived any issue with the dismissal of those claims. *See Hodge*, 382 S.W.3d at 335 ("An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)."). Mr. Lozano's attorney conceded as much at oral argument.[4]

---

[3] Somewhat surprisingly, Mr. Lozano devotes a portion of his argument to the private nuisance claim, which was not dismissed and is not at issue on appeal.

[4] After oral argument, Mr. Lozano fired his attorney. Then he filed a pro se motion for relief seeking our permission to properly appeal the waived claims and submit a new appellate brief containing an appropriate argument. Under the Tennessee Rules of Appellate Procedure, we have "discretion to consider unpresented or unpreserved issues in certain exceptional circumstances." *Bristol*, 654 S.W.3d at 926-27 (citing TENN. R. APP. P. 13(b)). Contrary to Mr. Lozano's view, this case is not exceptional. The motion for relief to properly appeal all claims is denied.

Citing the frivolous appeal statute, Ms. Sappo requests an award of attorney's fees for responding to this motion. *See* Tenn. Code Ann. § 27-1-122 (2017) (authorizing an appellate court to award "just damages against [an] appellant" including "costs . . . and expenses incurred by the appellee as a result of the appeal" but only "[w]hen it appears . . . that the appeal . . . was frivolous or taken solely for delay"). As

4

Mr. and Mrs. Jones urge us to go a step further and deem the prescriptive easement issue waived based on the "gross generality" of the stated issue. After reviewing the parties' appellate briefs, we are satisfied that the appellees were not left "guessing at the issues to which [they] must respond." *Trezevant*, 696 S.W.3d at 531. Nor are we faced with "scouring the record for reversible errors." *Id.* So we will "not decline to address a clearly presented argument that falls within the scope of the stated issue[ ] simply because the stated issue[ ] w[as] not crafted as precisely as [it] could have been." *Id.*

As their final waiver argument, Mr. and Mrs. Jones contend that we must affirm the trial court's dismissal of the prescriptive easement claim because Mr. Lozano did not challenge all bases for the trial court's ruling. In general, "where a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds," this Court must affirm the trial court's decision on the unchallenged ground. *Buckley v. Elephant Sanctuary in Tenn., Inc.*, 639 S.W.3d 38, 55 (Tenn. Ct. App. 2021). For this waiver rule to apply, however, the trial court must provide more than one separate and independent ground for its decision. *See id.* at 56 (refusing to apply this waiver rule when "a fair reading of the record" did not support a "conclusion that the trial court actually provided separate and independent bases for [its decision]"). That did not occur here. Although the defendants argued several independent grounds for dismissal of the prescriptive easement claim, the court made no mention of these alternate grounds in its ruling. The court confined its analysis to the application of the statutory bar, concluding that "Tenn. Code Ann. § 28-2-110(a) operate[d] to bar Mr. Lozano's claim for prescriptive easement . . . as to both Ms. Sappo and the Joneses."

Even so, the Joneses insist that the court granted their motion to dismiss "in its entirety," which, they posit, must mean that the court implicitly agreed with the alternative grounds asserted in their motion. We interpret the phrase differently. Court orders are interpreted "like other written instruments." *Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 249 S.W.3d 346, 356 n.19 (Tenn. 2008). The language of the order is construed "in light of its usual, natural, and ordinary meaning." *Id.* at 359. The entirety of the language must be considered and, if possible, every word and phrase given effect. *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 423 (Tenn. Ct. App. 1983); *see* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 167, 174 (2012) (describing the whole-text and surplusage canons of interpretation). Viewed in that light, we conclude that the court intended for the phrase "in its entirety" to describe its disposition of the Joneses' motion. The court clarified as much in the following sentence when it dismissed all claims against them.

---

Mr. Lozano aptly observed, "This statute is non-applicable as it is for frivolous appeals, not . . . frivolous motions." For this reason, Ms. Sappo's fee request is denied.

B.

1. Tennessee Code Annotated § 28-2-110(a)

Mr. Lozano argues that the trial court erred in dismissing the prescriptive easement claim based on Tennessee Code Annotated § 28-2-110(a).[5] The statute provides that

> Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

Tenn. Code Ann. § 28-2-110(a). It "was enacted to facilitate the collection of property taxes by requiring persons claiming an interest in real property to have that interest assessed and to pay the taxes thereon." *Cumulus Broad., Inc.*, 226 S.W.3d at 379.

The interpretation of this statute and its application to the alleged facts is a question of law subject to de novo review. *See Lavin v. Jordan*, 16 S.W.3d 362, 364 (Tenn. 2000). Our objective in statutory interpretation is to ascertain the statute's meaning. *State v. Deberry*, 651 S.W.3d 918, 924 (Tenn. 2022). To that end, we give the words of the statute their "natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012). "When a statute's meaning is clear and unambiguous after consideration of the statutory text, the broader statutory framework, and any relevant canons of statutory construction, we 'enforce the statute as written.'" *Deberry*, 651 S.W.3d at 925 (quoting *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013)).

By its plain terms, the statute applies to (1) persons "having any claim to real estate or land of any kind" and (2) persons having claim "to any legal or equitable interest" in real property. Tenn. Code Ann. § 28-2-110(a). And, for either group, the interest must be "subject to assessment for state and county taxes." *Id.*

---

[5] At this juncture, we find Ms. Sappo's contention that Mr. Lozano's prescriptive easement claim is "nothing more than an adverse possession action in disguise" unavailing. *See Gault v. Janoyan*, No. E2014-00218-COA-R3-CV, 2014 WL 5492747, at *5 (Tenn. Ct. App. Oct. 30, 2014) (reaching different conclusion at summary judgment stage). Plaintiffs have "wide latitude in pleading alternative claims for relief and pursuing an array of theories of recovery in a single action." *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 906 (Tenn. 1999). Viewing the complaint liberally in Mr. Lozano's favor, as we must, we conclude that the alleged alternative claims are distinct.

While our courts have routinely applied this statute to bar claims for adverse possession, *see, e.g.*, *Jack v. Dillehay*, 194 S.W.3d 441, 455 (Tenn. Ct. App. 2005), the statute can apply to other types of claims. For example, in *Burress v. Woodward*, our supreme court held that the statute barred an action asserting a claim for mineral rights. 665 S.W.2d 707, 709 (Tenn. 1984). Because "[n]either the Plaintiffs nor their predecessors in title had paid taxes on the mineral rights for 36 years," the supreme court held that the statute barred the plaintiffs' claim. *Id.* Notably, owners of mineral interests are expressly subject to assessment for property taxes. *See* Tenn. Code Ann. § 67-5-502(d) (Supp. 2021); *see also id.* § 67-5-804(b) (2018) (requiring all mineral owners to identify their mineral interests with the property assessor).

Mr. Lozano asserts a prescriptive easement claim. An easement is a legal interest in real property. *Hall v. Pippin*, 984 S.W.2d 617, 620 (Tenn. Ct. App. 1998). But it is not an ownership interest. It is a legally enforceable right to a <u>specific use</u> of someone else's real property. *Cumulus Broad., Inc.*, 226 S.W.3d at 379 ("A prescriptive easement is not ownership and the right acquired is limited to the specific use."); *Michael v. Jakes*, No. M1999-02257-COA-R3-CV, 2002 WL 1484448, at *4 (Tenn. Ct. App. July 12, 2002) ("Unlike title by adverse possession, an easement is not an interest in the ownership of the underlying real property."). The purpose of the statute is to facilitate payment of property taxes. *Cumulus Broad., Inc.*, 226 S.W.3d at 379. With limited exceptions not applicable here, property is assessed to its owner or the person claiming to own it. *See* Tenn. Code Ann. § 67-5-502(a)(1). Thus, an easement, as it involves only the right to use someone else's property, does not appear to be "subject to assessment for state and county taxes," an essential prerequisite for application of this statute. Tenn. Code Ann. § 28-2-110(a).

The trial court's reliance on *Pinnacle Towers Acquisition LLC v. Penchion*, 523 S.W.3d 673 (Tenn. Ct. App. 2017), to rule otherwise was misplaced. *See State v. Lancaster*, 105 S.W. 858, 862 (Tenn. 1907) (recognizing that "[d]ecisions must be construed in the light of the question with which the court is dealing, and of the facts before the court."). Pursuant to an express easement agreement, the property owner in the *Pinnacle Towers* case arranged for the county tax assessor to separately assess a section of her property that was subject to a perpetual easement. *Pinnacle Towers Acquisition LLC*, 523 S.W.3d at 675. As directed, the tax assessor sent two separate annual tax bills for the property, one to the easement holder for the taxes due on the easement property and one to the property owner for the remaining land. *Id.* This was a voluntary arrangement by the property owner. The taxes paid by the easement holder "simply constitute[d] partial payment of the taxes due on the fee in its entirety." *Id.* at 680. Nothing in the *Pinnacle Towers* case suggests that the easement holder's interest was otherwise "subject to assessment for state and county taxes." Tenn. Code Ann. § 28-2-110(a).

Given the nature of a prescriptive easement, we question whether the statute can apply to a prescriptive easement claim. But, even if we assume otherwise, it was inappropriate for the court to dismiss Mr. Lozano's prescriptive easement claim on this

7

basis on a Rule 12.02(6) motion. The statutory bar is an affirmative defense. *Milledgeville United Methodist Church v. Melton*, 388 S.W.3d 280, 285 (Tenn. Ct. App. 2012); *Brewer v. Piggee*, No. W2006-01788-COA-R3-CV, 2007 WL 1946632, at *9 (Tenn. Ct. App. July 3, 2007). The party invoking the statutory bar must "clearly establish" the other party's failure to pay taxes. *Cumulus Broad., Inc.*, 226 S.W.3d at 381. This was the defendant's burden, not Mr. Lozano's. A Rule 12.02(6) motion may "be used as a vehicle to assert an affirmative defense" only when the allegations in the complaint "show that an affirmative defense exists and that this defense legally defeats the claim for relief." *Jackson v. Smith*, 387 S.W.3d 486, 491-92 (Tenn. 2012). In other words, Mr. Lozano's failure to pay taxes would have to "clearly and unequivocally appear[] on the face of the complaint." *See Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn. 1977).

As the trial court recognized, this record "is devoid of any evidence related to payment of property taxes on the properties at issue." Thus, at this juncture, the prescriptive easement claim is not subject to dismissal based on the statutory bar, even if the statute applies. *See Bone v. Loggins*, 652 S.W.2d 758, 761 (Tenn. Ct. App. 1982) (concluding that the statute was inapplicable because the claimants' failure to pay taxes was not apparent from the record); *Brewer*, 2007 WL 1946632, at *9 (finding no error in denial of motion to dismiss when record was silent as to payment of taxes).

2. Prescriptive Easement Claim

The defendants contend, as they did in the trial court, that the complaint failed to allege sufficient facts to support a prescriptive easement claim. We may affirm the dismissal order on different grounds if the trial court reached the correct result. *See City of Brentwood v. Metro. Bd. of Zoning Appeals,* 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004); *Kelly v. Kelly*, 679 S.W.2d 458, 460 (Tenn. Ct. App. 1984) (reasoning that "a correct judgment . . . should not be reversed on appeal merely because it was based upon an insufficient or wrong reason"). To state a claim for a prescriptive easement, the plaintiff must allege facts showing the usage was "adverse, under claim of right, continuous, uninterrupted, open, visible, exclusive, and with the knowledge and acquiescence of the owner of the servient tenement" for at least twenty years. *Cumulus Broad., Inc.*, 226 S.W.3d at 379.

Construing the second amended complaint liberally, presuming all factual allegations to be true, and giving Mr. Lozano the benefit of all reasonable inferences, we conclude that it stated a claim for prescriptive easement. Mr. Lozano alleged that for more than twenty years, he and his predecessors in interest continuously and exclusively used the asphalt driveway as a means of ingress and egress for the Lozano property and as a place for parking vehicles. Over this same period, he and his predecessors used the bordering privacy hedge "for the beneficial enjoyment of [the] property and to prevent harassment and invasion of privacy." They also performed necessary maintenance in the disputed areas, such as "raking and storing leaves, shoveling show, trimming and

8

beautifying the privacy hedge, cutting and limbing trees, [and] resurfacing the driveway." This usage was under a claim of right and "has been continuous, uninterrupted, open, visible, exclusive, adverse and hostile [and] with knowledge of the servient tenement and their predecessors in interests." Mr. Lozano allegedly notified Ms. Sappo that he claimed the right to use the disputed area on her property.

Ms. Sappo maintains that these are merely "conclusory statements," not specific facts. We are not required to accept mere legal conclusions as true, even when presented as facts. *Webb*, 346 S.W.3d at 427. Yet scattered amidst the legal conclusions we find sufficient facts to state a claim for a prescriptive easement. Extensive factual detail is not required to survive a motion to dismiss. *Id.* The complaint need only contain sufficient facts "to articulate a claim for relief." *Abshure v. Methodist Healthcare-Memphis Hosps*., 325 S.W.3d 98, 103-04 (Tenn. 2010). Here, the complaint alleged that Mr. Lozano and his predecessors used the disputed areas for ingress and egress, parking, and privacy for the prescribed period.

The defendants complain that Mr. Lozano's alleged use amounts to no more than occasional, seasonal maintenance. Certainly, "a prescriptive right cannot be acquired by intermittent use." *McCammon v. Meredith*, 830 S.W.2d 577, 580 (Tenn. Ct. App. 1991). But we conclude the allegations of the complaint clear that bar.

Another element of a prescriptive easement claim is proof of "the knowledge and acquiescence of the owner of the servient tenement." *Cumulus Broad., Inc.*, 226 S.W.3d at 379. Here, the complaint alleges Ms. Sappo had actual knowledge of the adverse use. There are no similar allegations as to Mr. and Mrs. Jones or their predecessors. Still, as the Joneses recognize, Mr. Lozano may be able to establish that his use of the disputed property was so open and notorious as to imply knowledge of the servient tenement owners. *See id.* at 377 ("The actual owner must either have knowledge of the adverse possession, or the possession must be so open and notorious to imply a presumption of that fact."); *Logan v. Est. of Cannon*, 602 S.W.3d 363, 383 (Tenn. Ct. App. 2019). Viewed liberally, we conclude the complaint alleges sufficient facts to warrant such a finding.

Finally, Ms. Sappo argues that the alleged use was not exclusive. The complaint alleged that Ms. Sappo used the disputed area for her trash bins. And, because the driveway traverses a public alley, she posits that other members of the public may use the disputed areas. In this context "the term 'exclusive' does not mean that the easement must be used by one person only." *House v. Close*, 346 S.W.2d 445, 448 (Tenn. Ct. App. 1961). Rather, "exclusive" describes the character of the right. *Id.* The claimant's right to use the disputed property cannot depend "on a similar right in others." *Id.* Mr. Lozano has alleged an independent right to use the disputed areas.

**III.**

Construing the complaint liberally in Mr. Lozano's favor, we conclude that it states a claim for prescriptive easement. Because grounds for application of the statutory bar do not clearly appear in the operative pleading, the trial court erred in dismissing the prescriptive easement claim based on Tennessee Code Annotated § 28-2-110(a). So we vacate the court's dismissal of the prescriptive easement claim and the award of attorney's fees to Mr. and Mrs. Jones based on the erroneous dismissal. We affirm the dismissal of the claims for adverse possession, trespass to land, and forcible entry and detainer because the dismissal of these claims was not challenged on appeal. This case is remanded for further proceedings consistent with this opinion.

                            _s/ W. Neal McBrayer_____
                            W. NEAL MCBRAYER, JUDGE